## ST. JOSEPH MINING CO. et al. v. PETTITT et al.

No. 14002—Opinion Filed June 12, 1923.

Rehearing Denied July 17, 1923.

(Syllabus.)

1. Master and Servant — Workmen's Compensation—Delay of Award After Hearing—Effect.

An award of the State Industrial Commission will not be reversed because the award was made after the expiration of 30 days from the date the hearing was closed.

2. Same — Agreed Facts and Payment of Lump Sum—Effect — Subsequent Award by Commission.

An agreement entered into between the employer and employe as to the facts with relation to the injury, and approved by the Industrial Commission under section 7294, Comp. Stats. 1921, under which agreement the employe has received a lump sum amount is not a release of liability for the injury sustained, but is the basis of the award of the Industrial Commission, and an award made thereon has the same force and effect as an award made upon a hearing and may be reviewed under the provisions of section 7296, Comp. Stats. 1921.

3. Same—Review of Agreed Award—Continuing Jurisdiction.

It is not necessary to prove fraud in procuring an agreement in order to authorize a review of such award, but compliance with section 7296, Comp. Stats. 1921, is all that is necessary.

Error from State Industrial Commission.

Action by the St. Joseph Mining Company and another to review award of workman's compensation to J. C. Pettitt. Affirmed.

J. D. Lydick, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondent .

COCHRAN, J. This is a proceeding to review an award made by the Industrial Commission on November 14, 1922. The claimant, J. C. Pettitt, was injured while in the employ of the St. Joseph Mining Company. On October 10, 1921, an agreement was entered into between the claimant and St. Joseph Mining Company and Consolidated Underwriters under the provisions of section 7294, Comp. Stats. 1921. This agreement was approved by the Industrial Commission, and in accordance therewith the sum of $258 was paid to claimant as a lump sum settlement for the injury so received. On March 30, 1922, claimant filed with the State Industrial Commission a motion to review the award, in which it was alleged that at the

time the agreement above mentioned was signed by him, the attending physicians representing the employer informed the claimant that his injury was not a permanent one and that his hand would be in good condition in a short time; that the claimant relied upon these statements in signing the agreement; that since that time claimant had lost the use of his left hand and it was dwindling away and atrophying; and that the claimant had a permanent injury. Notice of hearing on the motion to review the award was given, and, upon the hearing had thereon, an order was made awarding compensation at the rate of $10.10 per week for a period of 200 weeks for the total permanent loss of the use of the left hand, and directing that credit be given for the amount which had theretofore been paid under the agreement executed between the claimant and employer and the insurance carrier.

The petitioner assigns as error the failure of the Industrial Commission to make the award within 30 days after the hearing had to review this reward, and relies upon section 7294, Comp. Stats. 1921, which provides:

"The commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing and within 30 days after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award, determining such claim for compensation, and file the same in the office of the commission together with the statement of its conclusion of fact and ruling of law."

The petitioner contends that since the award was not made within the time fixed by this provision, the same should be set aside. The petitioner refers to the case of Redus v. Mattison, 30 Okla. 720, 121 Pac. 253, to support this contention. We are of the opinion that the decision of this court in C., R. I. & P. R. Co. v. Moore, 34 Okla. 199, 124 Pac. 989, is more nearly applicable to the proposition involved here. In this case, the court had under consideration the statute which now appears as section 1011, Comp. Stats. 1921, providing as follows:

"The justice shall immediately make out a certified transcript of his proceedings in the cause, and shall, within twenty days from the rendition of the judgment, deliver or transmit to the clerk of the county, superior, or district court of his county the said transcript, the undertaking on appeal, and all the papers in the cause. * * *"

And the question was raised that the failure of the justice of the peace to transmit the transcript as required by this section rendered the appeals ineffective. The

court in passing on that question quotes with approval from St. Louis & S. F. R. Co. v. Hurst, 52 Kan. 609, 35 Pac. 211, as follows:

"If the justice of the peace before whom the cause was tried delayed in transmitting his certificate to the clerk of the district court of his county, the plaintiff below, as well as the railway company, might have applied to the district court and hastened the filing of a correct transcript; but the mere delay of the justice or his successor to make and send up a certified transcript ought not, of itself, to defeat the appeal, after it had been fully completed by the company."

In Struber v. Rohlfs (Kan.) 12 Pac. 830, a portion of the syllabus is as follows:

"If the party appealing does all the law requires of him to entitle himself to an appeal, the justice cannot deprive him of this right by an omission to act, either through negligence or design."

While the cases cited above are not absolutely in point on the question here presented, yet they are more applicable than the case relied upon by the petitioner, and it is our opinion that, although the Industrial Commission is required by the statute to make the award within 30 days from the date the hearing is closed, the claimant who has done all that the law requires him to do and has used the utmost diligence in presenting his cause is not to be penalized for the failure of the commission to act within the time prescribed by the statute. There is nothing in the act to indicate that the Legislature intended that the failure to act within the time prescribed deprived the commission of jurisdiction to make the order, and we know of no good reason why an order made after the 30 days expired should be reversed for that reason.

The petitioner next insists that the agreement entered into between the claimant, employer, and the insurance carrier was a release of liability for this injury and cannot be set aside or canceled except on the ground of fraud, and that the evidence introduced on the hearing and the findings of the commission do not sustain an allegation of fraud. Without setting out the finding of the commission, it is sufficient to say that the commission did not find that there was fraud in procuring the agreement. The petitioner relies upon the following provision of section 7294, Comp. Stats. 1921, to wit:

"If the employer and injured employe shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a mem-

orandum of such an agreement, in form as prescribed by the commission, signed by both the employer and employe, may be immediately filed by the employer with the commission, and if approved by the commission, shall, in the absence of fraud, be deemed binding upon the parties thereto. Such agreement shall be approved by the commission only when the terms conform to the provisions of this act."

It is not necessary for us to determine here whether an agreement constituting an absolute release of liability for the injury inflicted can be entered into between the employer and employe, or the insurance carrier, so as to take the case out of the Workmen's Compensation Act. The agreement entered into between the parties to this suit is not and does not purport to be a release of that character, but is an agreement executed in accordance with the above statute, and provides:

"We, J. C. Pettitt, residing at Picher, Okla., and St. Joseph Mining Company, have reached an agreement in regard to compensation for the injury sustained by said employe and submit the following statement of fact relative thereto."

This agreement under the terms of the statute is an agreement as to the facts with relation to the injury, and does not purport to be a release of liability. Where an agreement of this kind is made and approved by the commission, it is the basis of an award, and an award made on such agreement has the same force and effect as an award made upon a hearing. The statute does not provide that the settlement made between the parties shall be binding in the absence of fraud but simply provides that the agreement as to the facts with relation to the injury shall, in the absence of fraud, be binding upon the parties. That agreements of this kind entered into under statutes very similar to ours and approved by the board have the force and effect of awards and are to be treated as such has been determined in several cases. In Aetna Life Ins. Co. v. Shiveley (Ind.) 121 N. E. 50, the statute provided that:

"An employer and an injured employe, or dependents of the latter in case of his death, may agree respecting compensation to be paid under the act, and that any such agreement becomes binding and enforceable when a memorandum thereof is an indicated form, and harmonizing with the act, is filed with, and approved by, the board."

And the court in construing this provision said:

"An agreement entered into by the parties and approved by the board, pursuant to the terms of the statute, has the force and effect of an award."

In Re Stone (Ind.) 117 N. E. 669, the court said:

"But, assuming that it was intended by the employer as a compromise settlement, we are of the opinion still that the Industrial Board under its broad supervisory powers expressly conferred by the statute creating it would have the power to hear and determine the petition before it at any time before the case was finally disposed of. Its jurisdiction in such matters is not dependent upon the setting aside of the agreement. Such jurisdiction exists over the subject-matter and the parties notwithstanding the agreement, whether it be an agreement upon the facts giving the board jurisdiction only or whether it be a compromise settlement of all compensation due under the act, and is broad enough to include all disputes between the employer and the injured employe or his dependents with reference to the compensation to be paid or received under the act."

In Spooner v. Estate of P. D. Beckwith (Mich.) 149 N. W. 971, the court said:

"The agreement, filed with and approved by the board, is a substitute for, and, under the statute, the legal equivalent of, an arbitral award. They have equal force and like standing when, to enforce recovery, it becomes necessary to put them in judgment in the circuit court for the county where the accident occurred (section 13, part 3, of said act). The power of the board to act upon a petition such as appellants presented in this case is found in the following section (14), which authorizes it to review any weekly payment at the request of the employer, insurance company carrying the risk, commissioner of insurance or employe, 'and on such review it may be ended, diminished, or increased, subject to the maximum and minimum amounts above provided, if the board finds that the facts warrant such action."

The authorities cited by the petitioner as to the proof necessary to set aside a settlement or release of liability where the parties have entered into a contract of that kind, and where it is attempted to set aside and cancel such contract on the ground of fraud, have no application to the case at bar; neither is the case controlled by the decision in the case of Dotson v. Proctor & Gamble Mfg. Co. (Kan.) 169 Pac. 1136, where the parties had entered into a contract releasing employer from liability for the injury, for, as we have stated above, the agreement in the instant case does not purport to be a contract releasing the employer from liability; it was simply an agreement as to the facts in relation to the injury.

Inasmuch as the agreement and the approval thereof by the commission and the-

award based thereon have the same force and effect as an ordinary award, section 7296, Comp. Stat. 1921, is the applicable statute controlling the review of the award. This statute provides:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

No contention as to the sufficiency of the evidence is made, the only contention being that section 7296 of the statute has no application to the case at bar, and, hence, it is not necessary to discuss the finding of fact or the evidence.

The award of the commission is affirmed.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.