## BALES BROS. SAND CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 14553—Opinion Filed Sept. 8, 1925.

(Syllabus.)

### Master and Servant—Workmen's Compensation—Finality of Lump Sum Settlement.

Where an employe has sustained personal injuries and has been awarded weekly compensation by the State Industrial Commission under the Workmen's Compensation Act, and he afterwards enters into an agreement with his employer to accept a lump sum in settlement and satisfaction of all claims for compensation on account of such injuries, and such agreement is approved by the Commission, the money paid claimant and his receipt therefor taken and filed with the Industrial Commission, in the absence of fraud, both parties are bound by the terms of such settlement agreement and the Industrial Commission has no authority to make further award upon motion of the injured employe.

Error from State Industrial Commission.

Action before State Industrial Commission by Virgil Mann against Bales Brothers Sand Company and Associated Employers' Reciprocal. Judgment for plaintiff, and defendants bring error. Reversed, with directions.

Burford, Miley, Hoffman & Burford, for plaintiffs in error.

George F. Short, Atty. Gen., and Baxter Taylor and Edwin Dabney, Asst. Attys. Gen., for defendants in error.

PHELPS, J. This cause is brought here for this court to review the action of the State Industrial Commission in making an award to Virgil Mann, who sustained accidental injuries while engaged in a hazardous occupation within the meaning of the statute under the Employers' Liability Act.

The record discloses that the claimant, Virgil Mann, while in the employ of Bales Brothers Sand Company, met with an accident on the 13th day of December, 1920, which resulted in the fracture of the scaphoid bone in each of his wrists. August 23, 1921, upon motion of claimant, the State Industrial Commission made an award and ordered Bales Brothers Sand Company and its insurance carrier, Associated Employers' Reciprocal, to pay to Mr. Mann the sum of $18 per week until the termination of his disability. The claimant continued to receive medical treatment from physicians, who advised a slight operation upon his wrists to effect a cure of his injuries, and when the claimant objected to and refused to submit to such operation, an agreement was entered into between the claimant and Bales Brothers Sand Company and its insurance carrier, Associated Employers' Reciprocal, whereby claimant should be paid a total of $1,440 in a lump sum, that sum being 80 weeks' compensation, in full settlement for such injuries. The money was paid to Mr. Mann, who signed a receipt therefor, which was duly approved by and filed with the State Industrial Commission on the 21st day of November, 1921, reciting that the $1,440 was in settlement and satisfaction of all claims for compensation on account of injuries suffered by him by reason of an accident on or about the 13th day of December, 1920, while in the employ of Bales Brothers Sand Company.

Then on May 24, 1923, the claimant filed his motion with the State Industrial Commission, alleging a change of condition and asked the Industrial Commission to grant and award him further compensation. His claim was taken up for consideration, and on the 23rd day of June, 1923, the commission ordered that he be paid a lump sum of $936 and $18 per week thereafter during the period of his disability or until further ordered by the commission, and it is from that order this appeal is taken.

There are several specifications of error herein, but, as we see it, it is necessary to consider but one to properly dispose of the case. It is urged by plaintiffs in error that when an agreement was reached between the employer and employe to settle the employe's claim for damages for the injuries he sustained, such agreement, when approved by

the State Industrial Commission, and the money paid to and receipted for by the injured employe, was binding upon the parties thereto.

When claimant filed his second **application** for compensation he made no claim of fraud, undue influence, or any other cause or reason for vacating the agreement he made with the employer and its insurance carrier, neither did he attempt to prove any such reason or grounds, or offer any other excuse for not being bound by his contract, and the commission proceeded with the hearing as if it were an original application for compensation, making no reference whatever in its order to any other or former hearing or to the contract between the parties further than to recite that his disability "has been continuous since the date to which compensation has been heretofore paid." Claimant seems to have relied entirely, in his second application, upon section 7296, Comp. Stats. 1921, which reads as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the commission may at any time review any reward, and on such review, may make an award ending, diminishing or increasing the compensation previously awarded. * * *"

It is argued in the brief for the commission that the above quoted section of the statute gives the commission authority to make the award made in this case in the face of a contract and agreement of the parties for the claimant to accept a lump sum in full settlement of all his claims for compensation. With this contention we cannot agree. It was clearly the intention of the Legislature to provide that when an award was made the commission should retain jurisdiction and increase or decrease the same as the changed condition of the claimant might justify, but surely it cannot be said that it was the intention of the Legislature to prevent a claimant and his employer and insurance carrier from making a fair contract between themselves for the claimant to accept a lump sum in full settlement of his claim for compensation, where such contract is free from fraud.

Section 7294, Comp. Stats. 1921 provides that:

"At any time after the expiration of the first seven days of disability on the part of the injured employe, a claim for compensation may be presented to the commission. If the employer and injured employe shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such an agreement, in form as prescribed by the commission and signed by both employer and employe, may be immediately filed by the employer with the commission, and if approved by the commission, shall, in the absence of fraud, be deemed binding upon the parties thereto."

It was under this section of the statute that the agreement in question was entered into, and we are unable to see any good reason why, in the absence of fraud, the parties should not be bound by it. To say that this section of the statute was not intended to provide final settlement of certain cases where, in the judgment of the commission, justice and equity could be done, is to render impotent and useless that phrase of the act which says it shall "be deemed binding upon the parties thereto."

The various provisions of the Workmen's Compensation Act must be construed together so as to give life and virility to each paragraph thereof, all of which are salutary in their nature and effect and have brought untold relief to the many unfortunate families whose daily bread depends upon the earning capacity of the husband and father, when by an unforeseen disaster he has been rendered incapable of daily toil. It was the intention of the Legislature to provide all the assistance possible to help those who meet with an accident, but it never intended to say to free men that they should not be allowed to make such fair and reasonable contracts as in their judgment were beneficial for them to make, but as a safeguard wisely provided that such contracts must be approved by the commission, thus insuring that those so unfortunate as to meet with an accident might not be imposed upon by dishonest or unscrupulous employers or insurance carriers.

Apparently the question as to the binding effect of a contract between an employer, his insurance carrier, and an injured employe duly approved by the commission, has not heretofore been before this court, but such contracts have been upheld and declared binding upon the parties thereto in many other states.

In Duhrkopf v. Bennett (Neb.) 187 N. W. 813, the Supreme Court of Nebraska said:

"Where an employe has sustained personal injuries and has entered into a settlement agreement with his employer on account thereof and has accepted the agreed amount in full settlement, such employe cannot, in the absence of mistake, deceit, or fraud, thereafter maintain an action under the Workmen's Compensation Act."

The Workmen's Compensation Act of the state of Minnesota contains a similar provision, relative to settlement agreements, to ours, except, instead of using the words of our statute, "shall be deemed binding," the words "shall be final" are used, and in considering the finality of an agreement similar to the one at bar, the Supreme Court of that state, in Integrity Mutual Casualty Company v. Nelson, 183 N. W. 836, said:

"The statute seems quite clear in expression and purpose and will admit of but one construction, and that to the effect that the law-making body intended the particular settlement to end finally matters so adjusted. The finality feature was no doubt made a part of the statute in encouragement of settlements in the expectation that payment of compensation would promptly reach the injured workman, and the delay usually incident to the litigated controversy be thus avoided."

Therefore, without difficulty, we reach the conclusion that section 7296, supra, was intended and designed to give the commission power and authority to do justice to both employer and employe by retaining jurisdiction of the controversy and vacate, increase, or decrease, the award of compensation according to the conditions that might exist in any particular case and as honesty, justice, and fair dealing might dictate, but that this section of the statute was not intended to give the commission authority to abrogate contracts made under section 7294 between employer and injured employe where they have been entered into voluntarily and free from fraud and approved by the commission. There is no foundation in law or reason for saying that a contract, fair upon its face and free from fraud, should not be binding upon the parties thereto even though it may develop that such contract was unwisely entered into by one of the parties, or that some other course would have been more expedient or profitable. The orderly conduct of business affairs, as well as common honesty, demands that when such contracts are made, by parties legally competent to make them, and under the conditions and limitations prescribed by statute, the parties thereto should be bound by the terms and provisions thereof.

This cause is therefore remanded to the Industrial Commission, with directions to vacate the award and require the parties to stand upon the contract made between them.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, and RILEY, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 108, § 106 (Anno); anno. L. R. A. 1916A, pp. 172, 262; L. R. A. 1917D, 179; 28 R. C. L. p. 824; 3 R. C. L. Supp. p. 1599; 4 R. C. L. Supp. p. 1868, 5 R. C. L. Supp. p. 1579.