**U. S. FIDELITY & GUARANTY CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 16091. Opinion Filed March 16, 1926.

Rehearing Denied June 14, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Increase of Award on Change of Condition.**

Under section 7296, C. O. S. 1921, the In-

dustrial Commission is authorized on the grounds of a change in the condition of the injured employee to review any award heretofore made, and on such review to increase the award previously made, subject to the maximum or minimum provided for in the Compensation Act.

### 2. Same—Invalidity of Final Receipt Signed by Employee.

Under section 7305, C. O. S. 1921, a final receipt signed by an injured employee is invalid when the record discloses, and the Industrial Commission finds, that a change in the condition of the employee has occurred, and that additional compensation should be allowed.

Proceedings under the Workmen's Compensation Act by W. Dixon, claimant, against the United States Fidelity & Guaranty Company, insurance carrier, and Lucky Seven Mining Company. After award to claimant, and he had given his final receipt and the same was approved by the Industrial Commission, on the subsequent application of claimant on the grounds of a change in condition, the Commission made another award. Employer and insurer institute this action to review the award. Action of the Industrial Commission affirmed.

Rittenhouse & Rittenhouse, for petitioners.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

CLARK, J. This is a proceeding to review an award made by the Industrial Commission on December 19, 1924. The claimant, W. Dixon, was injured on the 21st day of May, 1924, while in the employment of the Lucky Seven Mining Company; the United States Fidelity & Guaranty Company being the insurance carrier.

It appears from the record that claimant was injured by the falling upon him of rocks and dirt, and that he received a scalp wound, and that he was given hospital and medical attention, and that his compensation began on the 26th day of May, 1924, at the rate of $17.31 per week. Dixon was advised by the attending physician that he would be able to go back to work and that he was fully recovered. On the 7th day of June, 1924, Dixon was paid the sum of $40.39 by the petitioners herein and he signed receipt which reads in part as follows:

"Received of Lucky Seven Mining Company and U. S. Fidelity & Guaranty Co. the sum of forty and 39-100 dollars ($40.39), making, in all, with weekly payments already received by me, the total sum of forty and 39-100 dollars ($40.39), in settlement and satisfaction of all claims for compensation or damages, on account of injuries suffered by me by reason of accident on or about the 21st day of May, 1924, while in the employ of. * * *"

This receipt was filed with the Industrial Commission, and on the 16th day of June, 1924, the Industrial Commission entered its award. Omitting the caption, same is as follows:

"The State Industrial Commission hereby approve final payments of $40.39, making a total of $40.39, theretofore paid as compensation in this cause. The same appeared to be in accordance with the provisions of the Workmen's Compensation Law of Oklahoma."

On July 8, 1924, claimant Dixon filed his motion to review the award in this cause, which reads as follows:

"Comes now the claimant in this cause and moves the Commission to review the award made on the 7th day of June, 1924, for the following reasons: (State here the changed condition and the reason for reviewing the award). Shattered nervous system and severe pains in neck and spinal column and difficult breathing, resulting in total inability to work. At the time claimant was discharged by physician and award made on June 7th he was led to believe he was practically cured, but claimant was compelled to have the same wound cleansed and treated within two or three days and said claimant was never able to return to work following said date and is still unable to do any work of any kind, which disability from the information given him by the attending physician will last for a number of months, and said claimant is without funds or resources to support himself and family. Wherefore, claimant requests the Commission to review the award made on the above date and render a decision in accordance with the facts herein stated."

On the 19th day of December, 1924, the Industrial Commission, after hearing the testimony of witnesses and the claimant and examining all records on file in this cause, being fully advised in the premises, found the following facts:

"(1) That the respondent, Lucky Seven Mining Company, was engaged in operation of a hazardous industry covered by and subject to the provisions of the Workmen's Compensation Law, on the 21st. day of May, 1924; that the claimant was in the employment of respondent and engaged in manual labor connected with and incident to the operation of said hazardous industry; that while in the course of such employment and arising out of same claimant sustained an accidental injury on the 21st day of May, 1924, when falling rock and dirt struck upon claimant's neck and shoulders while he was in a stooping position.

"(2) That claimant was immediately disabled from the preformance of ordinary manual labor as a result of said accident and was furnished medical and hospital attendance and treatment by the respondent; that the claimant was informed by the attending physician and therefore believed that the disability resulting from said accident would terminate not later than June 10, 1924; and upon such presumption, signed a final receipt and report acknowledging receipt of compensation at the rate of $17.31 per week to June 10, 1924; that thereafter, on June 11, 1924, a change in claimant's condition resulting from said accident occurred in that claimant's condition grew worse, and with the knowledge and acquiescence of respondent medical attention was furnished claimant; that on the 12th day of June, 1924, claimant was furnished further medical and hospital attendance and treatment.

"The Commission further finds: That the claimant has been temporarily totally disabled from performing ordinary manual labor since the 21st day of May, 1924.

"(3) That claimant's average wages at the time of accident were $4.50 per day.

"(4) That the respondent had proper notice of said accident and employee filed his claim for compensation with the Commission within the statutory period.

"(5) That the claimant has heretofore received compensation at the rate of $17.31 per week to June 10, 1924."

And on said finding of fact the Commission entered an award allowing the claimant $17.31 per week from June 10th until the termination of disability resulting from said accident or otherwise ordered by the Commission. It is this order that petitioners have brought here for review.

The error complained of by petitioners is as follows:

(1) That the findings of the said Industrial Commission that falling rock and dirt struck upon the claimant's head, neck and shoulders, is unsupported by the evidence.

(2) That the finding of the Commission that about June 11, 1924, a change in claimant's condition occurred, in that claimant's condition grew worse, is not supported by the evidence and is contrary to the evidence.

(3) That the order made requiring payment of compensation is erroneous and is contrary to the evidence and is therefore contrary to law.

It has been held by this court that a finding of fact by the Industrial Commission that is supported by any competent evidence will not be disturbed by this court. Careful examination of the record discloses that the Commission's findings are amply supported by the evidence. As we view the record, any

other finding of the Commission would have been contrary to the evidence and against clear weight of the same.

It is next contended by the petitioners that the said W. Dixon did, on the 7th day of June, 1924, in a manner and form prescribed by the State Industrial Commission, receive the sum of $40.39 in settlement and satisfaction of all claims for compensation for damages on account of injuries suffered by him by said reason of accident, and that the same was approved by the Industrial Commission, and that by reason of said final payment and final settlement of said claim and of said award so made, the same being full and final determination of said claim, the said State Industrial Commission of the state of Oklahoma thereby ceased to have further jurisdiction of said claim; that said claim was thereby fully and finally determined as between the parties thereto and all proceedings of said Industrial Commission and the said order and award of December 19, 1924, were made by said Commissioner without any jurisdiction to do so and contrary to the provisions of law in such cases made and provided. Petitioners rely on section 7294, C. O. S. 1921, as amended by section 7, chapter 61 of Session Laws of 1923, which provides:

"* * * If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury for which compensation is claimed under this act, a memorandum of such agreement, in form as prescribed by the Commission and signed by both employer and employee, may be immediately filed by the employer, and if approved by the Commission shall, in the absence of fraud, be deemed binding upon the parties hereto, such agreement shall be approved by the Commission only when the terms conform to the provisions of this act. * * *"

This section of the statute gives the injured employee and the employer a right to agree on the facts. It was not the intention of the Legislature by this act to authorize a final and full settlement for the injury. This court had this section under consideration in the case of St. Joseph Mining Co. et al. v. Pettitt et al., 90 Okla. 242, 216 Pac. 657, the second syllabus of which reads as follows:

"An agreement entered into between the employer and employee as to the facts with relation to the injury, and approved by the Industrial Commission under section 7294, Comp. Stat. 1921, under which agreement the employee has received a lump sum amount, is not a release of liability for the injury sustained but is the basis for the award of the Industrial Commission, and an award

made thereon has the same force and effect as an award made upon a hearing and may be reviewed under the provisions of section 7296, Comp. Stat. 1921."

Under this holding this agreement has the same force and effect as an award made upon a hearing. This section was also construed by this court in Chicago Bridge & Iron Co. v. Sabin et al., 105 Okla. 62, 231 Pac. 851.

The record discloses that at the time Dixon signed the purported final release he had been advised and believed that he would be able to go to work within the next two or three days, and his conduct and actions show that he was not, in any manner, trying to take advantage of his employer and insurance carrier, but was acting with the utmost fairness. However, the record shows that he had complained of his shoulders and neck prior to this time and had been advised by his physician that it was only a strain and he would soon be all right.

The record disclosed, and the Commission found it to be true, that a change in the claimant's condition, resulting from said accident, occurred on or about the 11th or 12th day of June, 1924, and that claimant was temporarily totally disabled from performing ordinary manual labor since the 21st day of May, 1924. This finding was made on the 19th day of December, 1924.

Section 7296, C. O. S. 1921, provides:

"Review of Awards. Upon its own motion or upon the application of any party in interest, on the ground of a change in the conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

Section 7305, C. O. S. 1921, provides:

"Waivers Invalid. No agreement by an employee to waive his right to compensation under this act shall be valid."

We hold that under section 7296, the Industrial Commission, upon the application of claimant, had authority and jurisdiction, on the ground of change in condition, to review any award previously made in this cause and to make the award made, giving claimant additional compensation, and section 7305 makes invalid any waiver or agreement made by the claimant to waive his right to compensation under the laws of Oklahoma.

Having reached this conclusion, we are of the opinion that the case of Bales Bros. Sand Co. et al. v. State Industrial Commission, 113 Okla. 88, 239 Pac. 168, should be overruled, and the same is hereby overruled in so far as it is in conflict with the views herein expressed.

We, therefore, are of the opinion that the Commission did not err in granting this claimant compensation upon his change of condition.

The award of the Commission is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, and RILEY, JJ., concur. PHELPS, J., dissents.

Note.—See under (1) Workmen's Compensation Acts C. J. p. 132 §151; anno. L. R. A. 1916A, pp. 147, 163; L. R. A. 1917D, 186; 28 R. C. L. p. 823; 4 R. C. L. Supp. p. 1868; 5 R. C. L. Supp. 1579. (2) Workmen's Compensation Acts C. J. p. 109 §106 (Anno).