**SHAWNEE MORNING NEWS v. THOMAS et al.**

No. 17648. Opinion Filed March 29, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

1. **Master and Servant—Workman's Compensation Law—Review—Finality of Decision Below on Facts.**

A decision of the Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which the finding of fact is based, if there is any competent evidence to reasonably support it.

2. **Same—Jurisdiction of Industrial Commission to Review Awards—Procedure.**

Under section 7296. C. O. S. 1921, the jurisdiction of the State Industrial Commission to review its award is not dependent upon the form or substance of the application for such review, since, by statute. it may review its award upon its own motion.

3. **Same—Increase in Award for Changed Condition—Right not Subject to Waiver by Claimant.**

Under section 7296, C. O. S. 1921. the Industrial Commission, upon the application of a claimant or upon its own motion, has authority and jurisdiction, on the ground of a changed condition, to review any award previously made in a cause pending before it; and to make an award giving claimant additional compensation. and section 7305, C. O. S. 1921, makes invalid any waiver or agreement made by the claimant to waive his right to compensation under the laws of Oklahoma.

4. **Same.**

It is not necessary to prove fraud in pro-

curing an agreement in order to authorize a review of such award, but compliance with section 7296 C. O. S. 1921, is all that is necessary.

Original action in the Supreme Court by the Shawnee Morning News to review an award by the Industrial Commission of compensation to Edmund M. Thomas. Affirmed.

Waldrep & Jones, for petitioner.

J. Collona, for claimant.

PER CURIAM. The Shawnee Morning News instituted this proceeding in this court against the State Industrial Commission and Edmund M. Thomas to review an award made on the 22nd day of June, 1923. in favor of Edmund M. Thomas, claimant, directing the petitioner to pay to the claimant $17.33 compensation per week for 100 weeks, totaling $1,733, less $649.87 previously paid to the claimant.

The record discloses that Edmund M. Thomas was injured on February 19, 1924, while in the employ of the petitioner by his right arm being caught in a printing press. The injury received was the laceration of the muscles of the lower third of the upper arm, a deep wound on the outside surface of the right arm, and a dislocated elbow joint.

Thereafter the claimant and the petitioner entered into an agreement whereby a period and extent of disability was agreed upon, the amount of compensation therein fixed was $17.33 per week for 37½ weeks based upon a ten to 15 per cent. loss of the use of the right arm. And as a condition in said agreement it was provided that the amount agreed upon therein should not be final in the event a change in condition should occur as to the extent of claimant's disability.

Upon this agreement being submitted to the State Industrial Commission an award was made in conformity with the terms of the agreement, which award was accepted by the parties and the amount of the award paid and a receipt therefor executed by the claimant in settlement and satisfaction of all claims for compensation on account of the injury suffered by reason of the accident. Thereafter, on the 30th day of March, 1926, the claimant filed a motion before the State Industrial Commission alleging a changed condition in his right arm to a total disability, upon which motion a hearing was had. and on the 22nd day of June, 1926 the Industrial Commission made an order that the petitioner pay to the claimant $17.33 compensation per week for 100

weeks for a 40 per cent. permanent partial loss of the use of the right arm. This order was based upon the following findings of fact:

"That there has been a changed condition since the agreement was entered into between claimant and respondent, and said changed condition has resulted in the permanent partial loss of use of right arm of 40 per cent."

It is this order that is before this court for review. The petitioner complains in this court that the award is not supported by the evidence, and that there is no evidence upon which to base said purported order of June 22, 1926.

We have examined the evidence contained in the record and find that there is evidence upon which to base said award, and this court in the case of Rock Island Coal Mining Co. v. U. S. Fidelity & Guaranty Co., 112 Okla. 250, 240 Pac. 635, held that:

"A judgment of the Commission is final as to all question of facts, and this court is not authorized to weigh the evidence upon which the finding of fact is based."

The petitioner next complains of the acts of the State Industrial Commission in its order of June 22, 1926, for the reason that the motion so filed by claimant did not state facts sufficient to grant any relief. In the case of Prairie Oil & Gas Co. v. King et al., 109 Okla. 213, 235 Pac. 522, this court held:

"Under section 7296, Comp. St. 1921, the jurisdiction of the State Industrial Commission to review its award is not dependent upon the form or substance of the application for such a review, since, by statute, it may review its award upon its own motion."

The petitioner further complains that said Commission did not have jurisdiction to hear and determine said cause, and contends that by the provision of section 7294, O. O. S. 1921, if the employer and the injured employee shall reach an agreement as to the facts with relation to the injury for which compensation is claimed, a memorandum of such agreement in form as prescribed by the Commission and signed by both the employer and employee may be immediately filed by the employer with the Commission and if approved by the Commission shall, in the absence of fraud, be deemed binding upon the parties thereto, and that by reason of the agreement having been entered into and presented to the Commission, which was regularly approved by the Commission in an order of July 10, 1924, and the filing of the final receipt and release executed by the claimant.

this matter is entirely closed, and cites numerous authorities from various states in support of this contention, among which is Bales Bros. Sand Co. v. State Industrial Commission et al., 113 Okla. 88, 239 Pac. 168, which tends to support this contention. The petitioner has evidently overlooked the terms of the agreement entered into between petitioner and claimant upon which the order of July 10. 1924, is based, as well as overlooking the plain provision of section 7296, C. O. S. 1921, and the case of United States Fidelity & Guaranty Co. v. State Industrial Commission. 125 Okla. 131, 256 Pac. 892. The agreement between the petitioner and the claimant filed with the Industrial Commission, upon which the order of July 10, 1924, was made, contains the following provisions:

"It is a condition, however, of this agreement that in the event a change in condition occurs or arises, that the same shall not be final, but may be re-opened and reviewed as provided in section 7296, Comp. St. 1921."

Section 7296, referred to in said agreement, is as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may at any time review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and ruling of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

In the case of U. S. Fidelity & Guaranty Co., supra, this court said:

"We hold that under section 7296, the Industrial Commission, upon the application of claimant, had authority and jurisdiction, on the ground of change in condition, to review any award previously made in this cause and to make the award made, giving claimant additional compensation, and section 7305 makes invalid any waiver or agreement made by the claimant to waive his right to compensation under the laws of Oklahoma."

Having reached this conclusion, we are of the opinion that the case of Bales Bros. Sand Co. et al. v. State Industrial Commission, 113 Okla. 88. 239 Pac. 168, should be overruled, and the same is hereby overruled in so far as it is in conflict with the views herein expressed. We, therefore, are of the opinion that the Commission did not err in granting this claimant compensation upon his change of condition.

In the syllabus of this case the court laid down the rule that:

"Under section 7296, C. O. S. 1921, the Industrial Commission is authorized on the grounds of a change in the condition of the injured employee to review any award theretofore made, and on such review to increase the award previously made, subject to the maximum or minimum provided for in the Compensation Act..

"Under section 7305, C. O. S. 1921, a final receipt signed by an injured employee is invalid when the record discloses, and the Industrial Commission finds, that a change in the condition of the employee has occurred, and that additional compensation should be allowed."

The petitioner further contends that in order to set aside said agreement and the award of the Commission made thereon it is necessary to show that the agreement and release procured from the claimant was obtained by fraud. This contention is answered by this court in the case of St. Joseph Mining Co. et al. v. Pettitt et al., 90 Okla. 243, 216 Pac. 657, wherein this court held that:

"It is not necessary to prove fraud in procuring an agreement in order to authorize a review of such award, but compliance with section 7296, Comp. St. 1921, is all that is necessary."

The judgment of the Commission is final as to the question of facts, and the Commission having jurisdiction to review the award in this case upon its own motion, the sufficiency of the allegation in the motion to review the first award is immaterial. The change in the condition of the claimant as found by the Commission renders the final receipt and release signed by the claimant invalid even in the absence of proof that the same was procured by fraud. The conclusion reached by the Industrial Commission upon the findings of fact embraced in the order before the court for review is correct, and the claimant in entitled to the amount of compensation therein awarded. The award of the Commission is affirmed.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 122, §127; anno. L. R. A. 1916A, 266; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. 1872; 5 R. C. L. Supp. 1580; 6 R. C. L. Supp. p. 1766. (2) Workmen's Compensation Acts— C. J. p. 132, §151 (Anno); anno L. R. A. 1916A, 147, 163; L. R. A. 1917D, 186; 28 R. C. L. p. 823. (3) Workmen's Compensation Acts—C. J. p. 132, §151; anno. 40 A L. R. 1474; 28 R. C. L. 823; 4 R. C. L. Supp p.

1868; 5 R. C. L. Supp. p. 1579; 6 R. C. L. Supp. p. 1763. (4) Workmen's Compensation Acts—C. J. p. 132, §151..