## WILLETT v. STATE INDUSTRIAL COMMISSION et al.

No. 18704.    Opinion Filed Jan. 31, 1928.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Finality of Award Made on Joint Petition of Employer and Employee and not Appealed.**

The Industrial Commission of the state of Oklahoma is without jurisdiction to set aside an award made upon a joint petition of employer and employee under the provisions of section 7325, C. O. S. 1921, as amended by the 1923 Session Laws, or to make any further award where it appears that a hearing as provided in said section was had on said petition, and a final award made and no appeal taken therefrom.

Commissioners' Opinion, Division No. 1.

Action in Supreme Court to review decision of Industrial Commission denying additional compensation to A. E. Willett, who was injured while in the employ of James G. Lyons, insured by New York Indemnity Company under the Compensation Laws of Oklahoma.    Affirmed.

Q. D. Gibbs, Jos. I. Pitchford, and Harry D. Pitchford, for plaintiff in error.

Jas. C. Cheek, Albert L. McRill, Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendants in error.

FOSTER, C. On May 6, 1925, the plaintiff in error, A. E. Willett, was injured while in the employ of James G. Lyons, in Oklahoma county, by fall from a building on which he was working, causing a fracture or dislocation of his spine. He was treated by several doctors and placed in one or two hospitals at the expense of the insurance carrier until, on or about December 5, 1925, a joint petition was filed with the Industrial Commission on behalf of the claimant, A. E. Willett, the respondent, James G. Lyons, and the insurance carrier, New York Indemnity Company, in which petition they jointly requested the Industrial Commission to make a final award.

After a hearing before the Industrial Commission on December 14, 1924, at which hearing the claimant, Willett, appeared in person, and the respondents appeared by their attorneys, an order was made by the Industrial Commission awarding $1,290 to the claimant as a final settlement under the provisions of section 7325, C. O. S. 1921, as amended by section 13, ch. 61, of the Session Laws of 1923.

From this order no appeal was taken, but in June, 1926, an application was made to the Industrial Commission by the wife of Willett asking for an additional award on the grounds of a change in his condition since the order of December 14, 1925, alleging that at the time of making said final award Willett was not mentally competent to enter into the agreement and execute the joint contract, and that since said final award the said Willett had been confined in the insane asylum at Vinita, under order of the county court of Okmulgee county.    Later, an amended application was filed by Willett, in his own name, alleging practically the same facts as those alleged in the application of his wife, with the additional allegation that the physician of the insurance company—just prior to his executing the joint petition—told him that he would be entirely recovered within six or eight weeks.

A hearing was had on these applications before the Industrial Commission on October 15, 1926, and Willett was denied further award on two grounds:

First, that the agreement entered into and approved by the order of the Commission on the 14th of December, 1925, was a joint petition between the parties for a final award, and, under the provisions of section 7325, C. O. S. 1921, the Commission is without further jurisdiction to award compensation by reason of no change in condition; and second, for the further reason that the record does not show the claimant was incompetent to enter into the agreement under the joint petition for final award.

From the wording of the first grounds, as set out by the order of the Industrial Commission, it appears somewhat uncertain as to whether or not the Commission intended to find that there was no change in condition of this claimant, or whether or not it had no jurisdiction regardless of a change in condition. The briefs on behalf of both claimant and respondents, and the record itself, lead us to conclude that in this case there was a change in condition of the claimant, after the award of December 14, 1925, and that the Commission by its decision held that it had no jurisdiction, regardless of this change.

The question presented for our determination is, accordingly, as follows: Has the Industrial Commission of Oklahoma jurisdiction, after a final award is made, under the provisions of section 7325, as amended by 1923 Session Laws, to grant an additional award?

The correct answer to this involves an interpretation of section 7325, C. O. S. 1921,

as amended by the 1923 Session Laws, as the joint petition filed in this case and the order made on December 14, 1925, is based upon the 1923 amendment to said section.

Section 7325, C. O. S. 1921, before the 1923 amendment, read as follows:

"The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto, as in its opinion, may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the same penalties for refusal."

The above section was amended by the Session Laws of 1923, and the following proviso added:

"Provided, that upon petition filed by the employer or insurance carrier, and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing; the expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission; provided, there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

It is admitted in the briefs of both claim-

ant and respondents that the interpretation of the amendment as above set out to section 7325, has never before been presented to this court. We have made an examination of the authorities in this state and have found no case in which a joint petition was filed and hearing had as provided by the amendment made in 1923, as here above stated.

It has been consistently held by this court under the other provisions of the Workmen's Compensation Act, and under the provisions of section 7325, as it existed prior to the amendment, that the Industrial Commission always has jurisdiction to review any award when a change in condition is shown by the claimant.

Section 7294, C. O. S. 1921, provides, in substance, that an employer and employee may reach an agreement as to the facts with relation to the injury in which any compensation is claimed, and, if said agreement is approved by the Commission, it shall be binding in the absence of fraud upon both parties and the decision of the Commission on such agreement shall be final.

Section 7296, C. O. S. 1921, provides that upon its own motion or upon the application of any party in interest, on the grounds of a change in condition, the Commission may at any time review any award and make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum and minimum provided in the act.

Section 7305, C. O. S. 1921, provides that any agreement by an employee to waive his rights under the Compensation Law is invalid.

Under sections 7294, 7296, 7305 and 7325, before the 1923 amendment, it has been held that, even though an agreement as to the facts was entered into by the employer and the employee and said facts filed with, and approved by, the Commission, and a receipt taken from the employee acknowledging receipt in full of all moneys due by reason of the injury or any results arising therefrom —which receipt was also filed with the Commission and approved by it—the claimant could, at a later date, have the case reopened, and an additional award made showing there had been a change in condition. Shawnee Morning News v. Thomas, 125 Okla. 155, 256 Pac. 937; U. S. F. & G. Co. v. State Industrial Com., 125 Okla. 131, 256 Pac. 892; St. Joseph Mining Co. v. Pettitt, 90 Okla. 242. 216 Pac. 657; Chicago Bridge & Iron Works v. Sabin, 105 Okla. 62. 231 Pac. 851; Wilkerson v. Devonian Oil Co.,

114 Okla. 84, 242 Pac. 531; Bedford-Carthage Stone Co. v. Industrial Com., 119 Okla. 231, 249 Pac. 706.

All of the cases above cited, however, are based on the other provisions of the statute, and none of them involve the interpretation of the 1923 amendment to section 7325.

It is contended by the plaintiff in error that, to hold a final award could be made under section 7325, would in effect repeal section 7296; that it is against the spirit and intention of the Compensation Law, and that, since there is no repeal of section 7296, the two sections should be construed together, and in cases where a change in condition is shown, a rehearing should be granted.

It is true, as contended by plaintiff, that repeal of statutes by implication is not favored by the law, and we are of the opinion that to hold the order of December 14, 1925, final in this case, would except from the provisions of section 7296 those cases where a joint petition is filed and a hearing had before the Commission on said joint petition.

We are further mindful of the rule heretofore well established that the Compensation Law should be construed most liberally in favor of the injured employee.

However, after taking into consideration these well-established rules and the previous decisions of our court, we can come to no other conclusion than it was the intention of the Legislature, when they adopted the 1923 amendment to section 7325, C. O. S. 1921, to provide a method by which a final settlement could be made. The language of the statute seems to us to admit of no other interpretation. It specifically provides that when a joint petition is filed and a full hearing had before the Commission on said petition, if the Commission is of the opinion that a final award should be made, and does make the final award, it shall thereafter have no "jurisdiction over any claim for the same injury or any results arising from same." To our minds the language could not be more plainly stated. This amendment was passed at a later time than section 7296, and the Legislature evidently intended, although they did not specifically say so, to make section 7296 ineffective when a joint petition was filed and a hearing had thereon.

Under the provisions of the 1923 amendment to section 7325, the Industrial Commission is authorized to have a full hearing, and they are delegated with a very wide discretion and full and ample power to investigate fully the condition of any claimant at the time a joint petition is filed, and to deny or dismiss said petition if a final settlement, in its opinion, is not advisable, regardless of the desires of either party.

The Commission having had said hearing and made the award, we hold that the award is final, in the absence of fraud, unless an appeal is taken therefrom as provided by the statute.

The next proposition, as set out in the order appealed from in this case, is whether or not the claimant was mentally competent to enter into the joint petition and to appear and testify at the hearing on December 14, 1925. This was a question of fact to be determined by the Industrial Commission, it having decided that he was mentally competent, and there being testimony in the record to support said finding. This finding of the Commission will not be disturbed under the well-recognized rule in this state.

It therefore follows that the order of the Industrial Commission denying the claimant, A. E. Willett, any further compensation should be and is hereby affirmed.

BENNETT, TEEHEE, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts —C. J. p. 132, §151.