(No. 5145. September 28, 1928.)

NELLIE RODIUS, ESTHER ANDERSON RODIUS (Now ESTHER WORKMAN), and MARIE ANDERSON, a Minor, Respondents, v. COEUR D'ALENE MILL COMPANY, Employer, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Surety, Appellants.

[271 Pac. 1.]

James F. Ailshie, Jr., and J. R. Smead, for Appellants.

694

Ralph S. Nelson, for Respondents.

WM. E. LEE, C. J.—On the seventh day of November, 1925, while in the employ of the Coeur d'Alene Mill Company, Emil Rodius received a personal injury by accident, arising out of and in the course of his employment, which resulted in his death. Application for compensation under the Workmen's Compensation Act was made on behalf of his widow, Esther Rodius, and a "stepchild," Marie Anderson. Thereafter, the employer and its surety, United States Fidelity and Guaranty Company, entered into an agreement with Esther Rodius for the payment of compensation to her and the child. The agreement received the approval of the Industrial Accident Board. In September, 1926, Nellie Rodius, mother of the deceased workman, petitioned the Industrial Accident Board to reopen the case on the ground "that deceased's wife has remarried and is not entitled to compensation" and "the child now receiving compensation is not the child of decedent and is the illegitimate child of Esther Rodius." A petition to reopen (not appearing in the record) was also filed on behalf of the surety company, the grounds therefor evidently being similar to those contained in the petition of Nellie Rodius. One hearing before a member of the Industrial Accident Board was had on both petitions. The member awarded to Nellie Rodius the unpaid portion of the compensation originally awarded Esther Rodius, and reaffirmed the award in favor of the child; and the board adopted the award of the

member. On appeal, the district court affirmed the award. Only the award to the child is here questioned.

The agreement of the employer and surety to pay the child compensation, having been approved by the board, had the same effect as an award of the board. (*Home etc. Co. v. Cahill,* 71 Ind. App. 245, 123 N. E. 415; *St. Joseph Mining Co. v. Pettit,* 90 Okl. 242, 216 Pac. 657; *United States Fidelity & Guaranty Co. v. State Industrial Commission,* 125 Okl. 131, 256 Pac. 892; *Chicago Bridge etc. Co. v. Sahin,* 105 Okl. 62, 231 Pac. 851; *Smith v. Port Huron etc. Co.,* 217 Mich. 519, 187 N. W. 292; *Smith v. Brown,* 81 Ind. App. 667, 144 N. E. 849.) Subject to review on appeal, an award, "in the absence of fraud," is "final and conclusive as between the parties" (C. S., sec. 6270), except that, on application therefor, "on the ground of a change in conditions," the board may make an award "ending, diminishing or increasing the compensation previously agreed upon or awarded." (C. S., sec. 6271.) Conceding, without deciding, that the board has power, in case of fraud, to vacate its approval of an agreement to pay compensation, and thereby render the agreement ineffective, application therefor should set forth the facts on which the vacation of such approval is sought. In this case there was neither allegation nor proof of fraud. The only evidence that might be said to tend to prove fraud consisted of a copy of a birth certificate of the child, signed by the attending physician, that it was illegitimate. Conceding even that the child was of illegitimate birth is not conclusive that it was not entitled to compensation. (C. S., sec. 6227.)

Treated as an application to review the award or agreement on the ground of a "change in conditions," the evidence fully sustains the finding of the board that "no change in the condition of the dependency of the minor, Marie Anderson, has taken place since the contract . . . . was entered into."

Having neither alleged nor proved fraud in the inception of the agreement and having failed to establish "a change in

condition,'' the decision of the court, sustaining the board, was correct.

Judgment affirmed.   Costs to respondents.

Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.