## OIL STATE SUPPLY CO. et al. v. ROTMAN et al.

No. 23089. Opinion Filed July 6, 1932.

Rehearing Denied Oct. 18, 1932.

Ray Teague, Jas. C. Cheek, and Frank E. Lee, for petitioners.

Jerome Fischer and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award of the claimant. The parties hereinafter will be referred to as petitioners and claimant. respectively.

The claimant sustained an accidental personal injury arising out of and in the course of his employment, consisting of a broken leg. An award for temporary total disability was made in July, 1925.

On June 8, 1931, the claimant filed a motion to reopen the cause on account of a change of condition and, after a hearing was had, the State Industrial Commission made an additional award for permanent partial disability. This award was based on a change of condition.

The petitioners contend that the State Industrial Commission was without jurisdiction to make the second award for the reason that the claimant did not file his claim within one year from the time the change of condition occurred. Under the provisions of section 7296, C. O. S. 1921, an additional award may be made after a showing of a change of condition. Lane & Wasson Co. et al. v. Wright et al., 126 Okla. 53, 258 P. 728. There is no statutory limitation as to the time in which the application therefor must be made. Such an award was approved by this court on an application filed more than one year after the change of condition in Peter Adamson Coal & Mining Co. et al. v. Pringle et al., 155 Okla. 122, 8 P. (2d) 51.

The petitioners contend that a full and final settlement approved by the State Industrial Commission had theretofore been made and that the approval thereof was a bar to the claim on which the second award was made. That settlement was not on a joint petition and was not a bar to the second award. Willett v. State Industrial Commission, 129 Okla. 101, 263 P. 664, and Shawnee Morning News v. Thomas, 125 Okla. 155, 256 P. 937.

There was sufficient evidence to sustain the second award under the rule followed by this court that the decision of the State Industrial Commission will not be disturbed as to a question of fact where there is any competent evidence reasonably tending to support the same. Choctaw Portland Cement Co. et al. v. Lamb et al., 79 Okla. 109, 189 P. 750.

The petition to vacate the award of the State Industrial Commission is denied.

RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.

Note.—See under (1) 28 R. C. L. 823; R. C. L. Perm. Supp. p. 6246, 6247.