## STANDARD COAL CO. v. INDUSTRIAL COMMISSION et al.

No. 5873.  Decided March 6, 1937.  (65 P. [2d] 640.)

*A. R. Barnes,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *Harry G. Metos,* of Salt Lake City, for defendants.

MOFFAT, Justice.

This case was before the court on a writ of certiorari once before. The writ, however, at the former hearing was sued out on the prayer of Sam Mijat, as plaintiff, and had in purpose a review of the question as to whether or not the applicant, Sam Mijat, at that time was permanently and totally disabled, and therefore entitled to compensation for life. The Industrial Commission had found that Mijat was totally disabled but that he was not permanently disabled. The issues and the statement of Mijat's condition as reviewed from the record on the former hearing are found in the case of *Mijat* v. *Industrial Commission of Utah*, 86 Utah 371, 44 P. (2d) 705, 706. One of the commission's findings upon the former hearing and upon which the award was based and sustained by this court is that:

"Applicant is not permanently and totally disabled. The disability to the left leg is as great, but no greater, than if said left lower extremity were disarticulated at the hip joint. There are no other members involved."

This finding was made by the Industrial Commission on the 8th day of October, 1934, and was affirmed by this court on the 9th day of May, 1935.

Counsel for both the plaintiff and defendant in the instant case agree that the statement of facts relative to the injuries sustained by the defendant Sam Mijat when the case was on hearing in this court before contains an accurate statement of the facts as they appeared from the record on that hearing. On the 27th of February, 1936, the defendant Sam Mijat filed a petition with the Industrial Commission for a further hearing upon the grounds that his injuries had become worse and the disability greater than at the time of his former hearing, and upon which the former decision was rendered. His petition was granted and hearings were subsequently held before the commission, and after the hearings the commission made findings to the following effect:

"1. All jurisdictional facts and other facts pertinent to the issues herein have been admitted by defendants.

"2. The applicant is at the present time suffering disability as the result of his injury of October 5, 1930, which renders him wholly incapable of entering remunerative employment of any type, Because of his age and mental limitations, he is not susceptible of re-education to a point where he will be able to engage in any gainful pursuit.

"3. The condition of the applicant has changed for the worse since the Commission's decision of October 8, 1934, in the following respects:

"a. He has taken on additional weight because of his inability to take proper exercise.

"b. He has a disabling circulatory disturbance in his right leg.

"c. The bone callous present in the neck of the left femur has absorbed to a point where the union is but fibrous.

"d. The osteomyelitis in the lower left leg is now active, as evidenced by a discharging sinus."

Because of these findings and in pursuance thereof, the Industrial Commission concluded that Sam Mijat was totally and permanently disabled and awarded him compensation accordingly. The plaintiff, Standard Coal Company, makes claim that the Industrial Commission may not resume jurisdiction of a case that has once been regularly determined without some change or new development in the injury complained of not known to the parties when the former award was made. The statute, section 42-1-72, R. S. Utah 1933, relating to the continuing jurisdiction of the Industrial Commission, provides:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified."

This court, however, has heretofore read into the foregoing section the limitation that the commission may not resume jurisdiction of a case regularly determined without some change or new development in the injury complained of and not known to the parties when the former award was made. There are numerous cases supporting that construction of the statute, among them the case of *Spring Canyon*

*Coal Co.* v. *Industrial Commission,* 60 Utah 553, 210 P. 611; *Salt Lake City* v. *Industrial Commission,* 61 Utah 514, 215 P. 1047; and other cases that need not be specifically referred to.

It will be observed that when the case was first before the Industrial Commission the finding was that at that time the disability was total but not permanent. The testimony in the former case indicated that an operation was performed on the left hip consisting of a setting and bone-grafting which, at that time, was thought to have been successful, and at that time the commission found from the evidence submitted that the disability to the left leg was no greater than it would have been had the leg been amputated at the hip. It now appears from the evidence that the bone-graft, which at the former hearing was thought to be the basis for a permanent union, that the excess of the calcareous matter deposited at the fracture would be absorbed, and that the hip joint would ultimately become well and strong has not developed as was expected. The evidence in the present hearing discloses that the piece of bone which had been taken from the right leg and used as the graft on the left hip has been entirely absorbed, and that instead of there being a bony union where the fracture had occurred as was expected, there is now what the physicians designate a "fibrous union," and that there is no liklihood of this fibrous union ever being other than fibrous. The evidence also discloses that the osteomyelitis of the lower left leg has broken out at intervals and that a short time before the hearing a piece of bone had been removed from the leg. At the time of the hearing there was a sinus discharge, and the doctors refused to say whether or not this osteomyelitis might spread and become worse or whether it might ultimately be cured. There is also evidence as to a disability having arisen in the right leg of a circulatory character, but whether or not this disability was in any way connected with the original injury other than it might have arisen from overstrain of the right leg because of the weight

and use of the leg, or because of the taking of the bone from the right leg for the purpose of the hip graft, was not made to appear. All of the doctors, however, who testified were of the opinion that Sam Mijat was industrially, permanently, and totally disabled. In the case of *Colorado Fuel & Iron Co.* v. *Industrial Commission,* 85 Colo. 237, 275 P. 910, it was held that the commission unquestionably possessed the power to take into consideration the circumstances in relation to the case and if they believed that an error or mistake or a change of conditions existed they had power to reopen the case.

We are of the opinion that the commission committed no error in reopening the case. We are also of the opinion that the commission possessed the power and properly exercised its jurisdiction in pursuance of the statute; that there is sufficient evidence in the record to support the findings made. This being so, the only thing this court can do is to affirm the award. The award is affirmed.

FOLLAND, C. J., and HANSON, WOLFE, and LARSON, JJ., concur.