## CARBON FUEL CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 5871.   Decided June 18, 1937.   (68 P. [2d] 894.)

*Merrill C. Faux*, of Salt Lake City, for plaintiff.

*Joseph Chez*, Atty. Gen., and *H. H. Halliday*, of Salt Lake City, for defendants.

LARSON, Justice.

A. G. Pappas, an employee of the Fuel Company, was injured in 1926, sustaining compound fractures of the pelvis, a displacement of both hip joints, fracture of the left femoral neck, and multiple fractures through the pubic and ischial bones. Medical and hospital services were furnished by plaintiffs and compensation paid regularly until May, 1936, when a hearing was had before the Industrial Commission to determine claimant's condition. The commission found

claimant (Pappas) was totally and permanently disabled, and ordered compensation paid accordingly. Plaintiffs bring the matter here on certiorari, assailing the action of the commission as arbitrary, as not based on any competent evidence. The only question presented is: Is there any competent evidence in the record upon which the commission's findings can be based?

Briefly, the record shows that at the time of the hearing in June, 1936, as a result of the accident ten years previously, claimant was suffering from atrophy of the right calf with paralysis of the dorsiflexors of the foot. He has "foot drop" and cannot move his toes. The heel cord is short, so the heel does not touch the floor in walking. There is a difference of nearly two inches in the circumference of the lower leg as between the right and left leg. There is a postural lordosis of the spine. The right hip joint is dislocated and cannot be put back into the socket. The left femur bone is fractured in the neck, the head remaining in the acetabulum, the trochanters on both sides riding high (2 or 3 inches) above their normal location. Both hips are unstable and move up and down on the side of the ilium and weight-bearing is controlled by muscle and ligamentous structures. There is an inch separation of the symphysis pubis. The other fractures of the pelvic bones are healed. Claimant could not stand long, could sit only about thirty minutes without needing to move about, could walk only a few feet without crutches and only a few blocks with them. There is considerable pain. The condition is fixed and may become worse with time. A Whitman reconstruction or bifurcation procedure might help, but doctors advise against it. Claimant is 42 years of age and only reached the third grade in school. Evidence was given to show the claimant could not do any work requiring walking or standing, or sitting for long periods, nor did he have mental training to enable him to rehabilitate himself in mental work.

We are not permitted to weigh the evidence. We have carefully read the record, and we cannot say the commission acted

arbitrarily. There is competent evidence from which the commission could find that claimant was totally and permanently disabled. A discussion and comparison of the cases therefore would serve no useful purpose. The cases of *Spring Canyon Coal Co.* v. *Industrial Commission*, 74 Utah 103, 277 P. 206, and *Caillet* v. *Industrial Commission*, 90 Utah 8, 58 P. (2d) 760, each rests upon its own set of facts, different from those here involved. The cases of *Babick* v. *Industrial Commission*, 91 Utah 581, 65 P. (2d) 1133, and *Standard Coal Co.* v. *Industrial Commission*, 91 Utah 549, 65 P. (2d) 640, state the rule which controls here.

The order and award of the Industrial Commission is affirmed. Costs to respondent.

FOLLAND, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.