JOHNSON v. INDUSTRIAL COMMISSION OF
UTAH et al.

No. 5834.   Decided December 10, 1937.   (73 P. [2d] 1308.)

*J. Quill Nebeker* and *Henry Seeger*, both of Ogden, for plaintiff.

*Joseph Chez,* Atty. Gen., and *F. A. Trottier,* of Salt Lake City, for defendants.

FOLLAND, Chief Justice.

Certiorari to review an award of the Industrial Commission of Utah wherein plaintiff was granted compensation for 200 weeks as for permanent partial disability. He asserts that he was permanently, totally disabled at the time and for that reason has brought the case here for review. Plaintiff was injured while at work in the employ of the Utah Construction Company at Henefer, Utah. The State Insurance Fund is the insurance carrier.

Without formal hearing or award, the insurance carrier provided medical and hospital treatment and paid plaintiff compensation as for temporary total disability from the happening of the injury to October 1, 1933, and since that date has paid compensation as for permanent partial disability. He was twice examined by medical boards, and after the second examination the Industrial Commission suggested that he be paid 200 weeks' compensation as for permanent partial disability, which period should include previous payments made to him as for permanent partial disability. The insurance carrier agreed to abide by the recommendation and the payments were made accordingly.

Plaintiff requested a formal hearing before the Industrial Commission alleging he was suffering a permanent total disability. The Industrial Commission, after two formal hearings, made findings that "as a result of said injury the

applicant has sustained 75% permanent partial loss of function to the right arm at the shoulder and 25% permanent partial loss of function to the left arm at the shoulder. The applicant is not permanently and totally disabled as a result of said injury." The commission thereupon directed payment of the maximum weekly compensation for 200 weeks in addition to the amount paid as for temporary total disability.

Defendant made a motion to dismiss the proceeding in this court, alleging it was prematurely brought because the case in its present situation is moot. Its argument is that plaintiff would be receiving the same amount per week of compensation until the end of 200 weeks whether the commission considered he had been permanently totally disabled or only permanently partially disabled and that he would be entitled to a hearing respecting his then condition at the end of the 200 weeks under the continuing jurisdiction of the commission. It is also suggested that the award is not a final one. Notwithstanding the continuing jurisdiction of the commission over the case, the award as made was a final adjudication as to the matters therein decided, including the issue as to plaintiff's condition then existing. Plaintiff had the right, after denial of his motion for rehearing, to have the award reviewed by this court. It is even more clear that the insurance carrier, had it believed the award unlawful or unjust, would have the right of review. If plaintiff had accepted the compensation suggested by the commission and agreed to by the insurance carrier without a formal hearing, there then would have been no award to review; but after a formal hearing, the entry of an award, and denial of motion for a rehearing, the award is final unless set aside by this court. The motion to dismiss is denied.

Plaintiff contends the commission erred in finding that "the applicant is not permanently and totally disabled as a result of said injury" and in awarding compensation as for

permanent partial disability only. Plaintiff's condition does not fit into the classification described in ■ the last sentence of section 42-1-63, R. S. Utah 1933; that is, there was no permanent and complete loss or loss of use of both arms so that he would be permanently disabled as a matter of law. It was then for the commission to decide from all the facts and circumstances in evidence whether he was so disabled. The finding was that he was not. Two different committees of physicians examined plaintiff at different times and reported their findings to the commission. The last of these reported that plaintiff had suffered a 75 per cent disability of the right arm and a 25 per cent disability of the left arm. Dr. W. R. Brown, plaintiff's attending physician, testified to a similar effect and also, in his opinion, the applicant was totally and permanently disabled. This was an opinion, of course, on the ultimate fact in issue which was for the Commission itself to decide. The commission was not bound to follow such opinion, but should, as it did, make its own finding from a consideration of all the evidence. *Silver King Coalition Mines Co.* v. *Industrial Commission,* 92 Utah 511, 69 P. (2d) 608.

The evidence does not compel a finding of total permanent disability and does support the award as made. Unless we can say the commission acted arbitrarily (which we cannot on the record), the award must be sustained. *Babick* v. *Industrial Commission,* 91 Utah 581, 65 P. (2d) ■ 1133. If plaintiff's condition at the end of 200 weeks, during which he is paid compensation, is such that he believes he is entitled to further compensation, there is a way open for a hearing and determination of such matter under the continuing jurisdiction of the Commission. *Standard Coal Co.* v. *Industrial Commission,* 91 Utah 549, 65 P. (2d) 640.

The award of the Industrial Commission is affirmed.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.