Steven G. CLINGER, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah,
West Jordan City and State Insurance
Fund, Defendants.

No. 15089.

Supreme Court of Utah.

Nov. 3, 1977.

Will L. Hoyt, Nephi, for plaintiff.

Robert B. Hansen, Atty. Gen., James R. Black and Gregory C. Diamond of Rawlings, Roberts & Black, Salt Lake City, for defendants.

HALL, Justice:

Proceeding to review the order of the Industrial Commission denying workmen's compensation benefits for injuries alleged to have been sustained as the result of a fall from a garbage truck while in the employ of West Jordan City.

Plaintiff's claim was presented to an administrative law judge [1] who entered findings of fact, conclusions of law and an order which denied an award to plaintiff. He thereupon filed a motion for review.[2] It was referred to the Commission which denied the motion and accepted the findings, conclusions, and order in toto. Hence, the further review by this Court.[3]

Plaintiff asserts as error 1) the failure to accept his factual representation as to the origin of the alleged injuries, and 2) the denial of the motion for review without notice or opportunity for the presentation of evidence and argument.

---

1. U.C.A.1953, 35–1–82.52, provides hearings before the Commission or any administrative law judge of the Commission.

2. U.C.A.1953, 35–1–82.53, providing for review of order of administrative law judge.

3. U.C.A.1953, 35–1–83, providing for final review.

The record reveals evidence was offered by both sides. Plaintiff asserted he was thrown from the garbage truck on April 9, 1976, as it travelled too rapidly over a raised portion of the roadway devised to control speed. No report of injury was made until his letter of April 19, 1976, which advised, "I did something to my back, I don't know what for sure." Upon receipt of the letter the City Manager testified he discussed the matter with the garbage truck driver, learning nothing about an accident. The City Recorder testified plaintiff was not on the job on April 9, 1976, having reported in sick, and that the time clock was not punched that day. Nevertheless, plaintiff firmly stated the accident occurred on that day. The major pain from the alleged injury had its onset on April 18, 1976, during an automobile trip to Idaho.

Plaintiff cites no authority in support of his contentions, however, as a matter of law, the Commission may not, without any reason or cause, arbitrarily or capriciously refuse to believe and act upon substantial, competent and credible evidence which is uncontradicted.[4] On the other hand, the court must affirm the Commission on contradictory evidence if there is substantial, competent evidence to sustain its determination, and is not authorized to weigh conflicting evidence.[5] The court's review is governed by statute[6] and the Commission is vested with exclusive power and responsibility of deciding questions of fact.[7]

Applying the foregoing principles of law to the facts here, it is readily apparent that this court is without authority to disturb the findings and conclusions of the Commission. We are necessarily precluded from weighing the contradictory evidence for the purpose of interposing our own judgment as to what the facts are. The factual determination is solely within the province of the Commission where a substantial conflict exists in the evidence as is the case here. Clearly, the Commission was not obliged to accept the testimony of the plaintiff and there is substantial evidence to support its findings.

In regard to the second assertion of error, motions for review are governed by statute[8] and the taking of further evidence or hearing further argument is discretionary and not a matter of right. Having so exercised its discretion, and not having granted a rehearing, we find no abuse thereof. Its action merely finalized the proceedings,[9] subject to the review here.

Affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

4. *Baker v. Industrial Comm.*, 17 Utah 2d 141, 405 P.2d 613 (1965); *Kent v. Industrial Comm.*, 89 Utah 381, 57 P.2d 724 (1936), and cases cited therein.

5. *Parker v. Industrial Comm.*, 78 Utah 509, 5 P.2d 573 (1931); *Twin Peaks Canning Co. v. Industrial Comm.*, 57 Utah 589, 196 P. 853 (1921).

6. U.C.A.1953, 35–1–84.

7. *Kelly v. Industrial Comm.*, 80 Utah 73, 12 P.2d 1112 (1932).

8. U.C.A.1953, 35–1–82.54, provides that upon referral by an administrative law judge for a review of the entire record, the Commission, in its discretion, *may* hold further hearings and receive further evidence and enter its award.

9. *Johnson v. Industrial Comm.*, 93 Utah 493, 73 P.2d 1308 (1937).