Norma L. THOMPSON, Plaintiff and Appellant,

v.

LeGRAND JOHNSON CONSTRUCTION CO., Johnson Ready Mix Concrete Co., a Utah corporation, and Robert M. Sheen, Defendants and Respondents.

No. 18802.

Supreme Court of Utah.

Sept. 7, 1984.

David R. Daines, Christopher L. Daines, Logan, for plaintiff and appellant.

Raymond M. Berry, P. Knute Peterson, Salt Lake City, for defendants and respondents.

BOYD BUNNELL, District Judge:

Norma Thompson appeals from a jury verdict denying her husband recovery for personal injuries.[1] The jury found by special verdict that the negligence of defendants did not proximately cause plaintiff's injuries. Plaintiff argues that the verdict was not supported by substantial evidence, and as a result the trial court erred when it denied his motion for a new trial or for judgment notwithstanding the verdict. We affirm.

On July 5, 1979, a gravel truck operated by defendant Sheen and owned by defendant LeGrand Johnson Construction Co. struck plaintiff's truck from the rear. Plaintiff alleged that as a result of the collision he became severely disabled from permanent and progressive brain damage, conversion reaction, and low back pathology.

Plaintiff had a history of medical problems. He was medically discharged from the Navy in 1944 and was given a ten percent disability rating. He had been treated for lower back pain since 1972. Eleven months before this collision, plaintiff fell from a foundation at a construction site onto some rocks approximately nine feet below. At that time, he reported that he injured his back and made a claim for workmen's compensation benefits.

Dr. Duane H. Smith, a chiropractor, testified that he first treated plaintiff for lower back pain in 1977. Dr. Smith treated plaintiff regularly for this complaint through June 22, 1979. On July 31, 1979, Dr. Smith reported to the State Insurance Fund that plaintiff's treatment related to the injury of July 1978. Dr. Smith testified, and his records indicated, that plaintiff never informed him of the July 5, 1979 collision. Dr. Smith reported to the State Insurance Fund that as of June 22, 1979 (two weeks prior to the collision), plaintiff was unable to perform regular employment duties.

The accident was apparently minor. Plaintiff's expert testified that the force of the collision was between 3.7 and 4.8 "G's," while a normal person could tolerate a force of 12 G's. Plaintiff exhibited no immediate signs of injury after the collision. He exited his vehicle, told Sheen to wait, and crossed the street to phone the police. When Sheen started to leave the scene, plaintiff ran down the street and around the corner to stop him from leaving.

At the construction company office shortly after the accident, plaintiff told Richard Sackett, a company vice-president, that he was not injured in the accident. Sackett also testified that when he saw plaintiff numerous times after the accident he observed no indication of an injury. Almost a year after the collision, plaintiff told Sackett that his injuries resulted from the earlier, work-related accident.

Plaintiff also spoke to Mr. Gunnel, the company's dispatcher, shortly after the accident and failed to report any injury. Gunnel observed plaintiff walk down stairs in a normal manner. When plaintiff reported the accident to the police, he stated that he was not hurt. He repeated the statement two days later when he obtained a repair sticker from the police department. On August 2, 1979, about a month after the accident, plaintiff wrote a report to State Farm Insurance, which said he was not injured in the accident of July 5, 1979.

1. Wendell Thompson, the original plaintiff/appellant, died after this appeal was filed, and Norma Thompson was substituted as appellant.

For simplicity, we refer to Wendell Thompson as plaintiff.

Six months after the collision, plaintiff sought treatment for back problems from a second chiropractor, Dr. Brent Peterson. Dr. Peterson's records indicated that plaintiff's back problems stemmed from the work-related accident in 1978. Plaintiff had Dr. Peterson bill the State Insurance Fund, his workmen's compensation insurer.

Plaintiff initiated this lawsuit in July 1980. At trial, plaintiff attempted to show that his disability resulted from the collision and that, although he had preexisting back injuries, the collision was "the straw that broke the camel's back." There was, however, no evidence that established a direct causal relation between the collision and plaintiff's disability. Plaintiff's experts, an orthopedic surgeon and a psychologist, testified that in their opinions plaintiff's disability resulted from the collision.

■ Plaintiff contends that the jury's finding of no proximate cause, resulting in a verdict for defendant, was unsupported by substantial evidence. "Ordinarily, the issue of proximate cause is a matter to be submitted to the jury for its determination .... Once the jury has looked at the facts, weighed them, and made its decision based upon substantial, competent evidence, we are precluded from disturbing its findings." *Watters v. Querry*, Utah, 626 P.2d 455, 457–58 (1981) (citations omitted). *See also Christensen v. Shear*, Utah, — P.2d — No. 19679 (filed Aug. 10, 1984). It is apparent from the evidence set out above that there was substantial, competent evidence supporting the jury's verdict.

Plaintiff argues that his uncontroverted expert testimony attributed the cause of plaintiff's disability to the collision of July 1979. Plaintiff cites *Jones v. California Packing Corp.*, Utah, 244 P.2d 640, 644 (1952), where we stated: "[W]here facts are proved by uncontradicted testimony of competent disinterested witnesses and there is nothing inherently unreasonable, nor any circumstance which would tend to raise doubt of its truth, it should be taken as established. Refusal to do so is an arbitrary disregard by the trier of facts."

*See also Clinger v. Industrial Commission*, Utah, 571 P.2d 1328 (1977).

The foregoing principle is inapposite here. This Court has held that a jury is not required to accept an expert's opinion as conclusive. *Dixon v. Stewart*, Utah, 658 P.2d 591, 597 (1982). Furthermore, the testimony of plaintiff's experts was neither uncontradicted nor unequivocal. On cross-examination, the orthopedic surgeon admitted that he examined plaintiff only once in December 1981 (approximately two and one-half years after the accident), that according to objective factors the injury may or may not have resulted from a trauma, that plaintiff's disability could have been consistent with a degenerative condition unrelated to any trauma, and that he based his opinion on the history related to him by plaintiff. The clinical psychologist also admitted that he first saw plaintiff in December 1981 and that his opinion was based in part on the history as related by plaintiff to the effect that his symptoms were more pronounced after the collision. Dr. Nielsen admitted to being unaware of several injuries prior to the collision for which plaintiff received workmen's compensation. When pressed, Dr. Nielsen admitted that he could not pinpoint the cause definitively and that he did not know for sure the cause of plaintiff's brain damage.

The statements of the experts were in fact equivocal and in some instances contradictory. More importantly, the information upon which the experts admittedly based their opinions, the history related by plaintiff, was subject to contradiction. Plaintiff told one story to the police officers, the parties, and the physicians who treated him immediately after the accident. He told a different story at the trial and to the doctors he intended to use as expert witnesses. According to the medical records in evidence, it was not until after plaintiff filed this lawsuit that he first indicated to doctors that his back pain resulted from the collision.

■ The issue of causation in this case was not a matter of such technical sophistication as to be solely within the realm of

expert opinion. Instead, it was a fact question of whether plaintiff's disabilities were attributable to the collision or to some preexisting condition. Expert testimony can be helpful in such a situation, but it is not, as plaintiff suggests, conclusive. *Dixon v. Stewart,* Utah, 658 P.2d 591, 597 (1982). *See also Groen v. Tri-O-Inc.,* Utah, 667 P.2d 598 (1983). We view the evidence in the light most favorable to upholding the verdict and therefore conclude that there was substantial evidence supporting the jury's verdict. The trial court did not abuse its discretion in denying plaintiff's motion for a new trial or a judgment notwithstanding the verdict.

Affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.

ZIMMERMAN, J., does not participate herein.

BOYD BUNNELL, District Judge, sat to fill a vacancy on the Court.