JENKINS v. TEXAS EMPLOYERS' INS. ASS'N. (No. 2101.)*

(Court of Civil Appeals of Texas. Texarkana. April 2, 1919. Rehearing Denied April 10, 1919.)

MASTER AND SERVANT ⬤‑‑382 — WORKMEN'S COMPENSATION—SETTLEMENT—VALIDITY.

Under the Employers' Liability Act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), article 5246q, of which authorizes an award if not settled by agreement of the parties, a settlement, made without fraud after injury, is binding; article 5246nn, invalidating an agreement by employé to waive his rights, referring only to agreements made prior to injury.

Appeal from District Court, Rains County; Wm. Pierson, Judge.

Action by the Texas Employers' Insurance Association against Mat Jenkins. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellant was in the employ of the Fraser Brick Company, and on September 15, 1916, he received an accidental injury in the course of his employment, which neces-

sitated the amputation of the left foot. At the time of the injury the Fraser Brick Company was a subscriber to the Texas Employers' Insurance Association, but never notified the appellant of that fact. The average weekly earnings of the appellant for 12 months preceding the injury was $12. The Fraser Brick Company made a report of the injury to the Industrial Accident Board, and notice of the claim for compensation was made by the appellant to the said board and to the appellee association on September 23, 1916. On October 28, 1916, the appellant and the Fraser Brick Company and the Texas Employers' Insurance Association signed a written agreement of settlement of the claim for compensation. The amount agreed upon and actually paid to the appellant was $575. On June 27, 1917, the Industrial Accident Board proceeded to make an award of the compensation under the statute, and decided that the settlement of the claim was fraudulent and void. The insurance association appealed from the decision of the board, and on July 21, 1917, brought this suit in the district court of the county where the injury occurred, seeking to have the award of the board, and against the appellant.

The court made the findings of fact: (1) That there was a settlement between Mat Jenkins, the appellant, and the insurance association of the claim for injuries received at the plant of the Fraser Brick Company; and (2) that there was no fraud in the settlement. These facts have support in the evidence, and are sustained.

O. H. Rodes, of Emory, Campbell & Mansell, of Alba, and W. W. Campbell, of Houston, for appellant.

Harry P. Lawther, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). The trial court found as a fact that there was an agreed settlement for the injuries in evidence made between the appellant and the insurance association, and that such settlement was fairly made and without any fraud. In view of these facts the judgment of the trial court is warranted, it is believed; for the Employers' Liability Act of 1913 (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz) in force when the settlement was effected, does not in terms forbid, or by implication preclude, a settlement by agreement between the parties interested. Under article 5246q, Vernon's Sayles' Ann. Civ. St. 1914, the Industrial Accident Board may make final ruling and decision upon an adjustment of a claim for compensation only (1) "if not settled by agreement of the parties interested therein," and (2) when the parties interest-

ed consent for the board to finally determine the claim. Roach v. Ass'n, 195 S. W. 328. The language, "if not settled by agreement of parties interested," would appear to show the clear purpose of the act to authorize and continue the inherent right of parties to make such fair and reasonable compromise settlement of the claim for compensation as they may themselves determine, and without the approval of the board. The potential jurisdiction of the board ceases, then, with the settlement by agreement of the parties. And there appears no language in the entire act precluding the right of the parties to make agreed settlement of compensation for injuries sustained. Article 5246nn, providing that "no agreement by an employé to waive his rights to compensation under this act shall be valid," has reference entirely to agreements in that respect made prior to the injury. As the parties had the right, it is thought, to make the agreed settlement, the law attaches binding force to such agreement, and the judgment should be affirmed.

Judgment affirmed.