BRIGHAM YOUNG UNIVERSITY et al. v. INDUSTRIAL
COMMISSION OF UTAH et al.

No. 4835.   Decided July 22, 1929.   (279 P. 889.)

*Young & Boyle,* of Salt Lake City, for plaintiffs.

*George P. Parker,* Atty. Gen., and *M. Logan Rich,* Asst. Atty. Gen., for Commission.

*J. Robert Robinson,* of Provo, for applicant Speakman.

STRAUP, J.

Geneva Speakman, the widow of W. D. Speakman, deceased, and Daniel V. and Scott A. Speakman, his minor children, as dependents under our Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165), filed an application with the Industrial Commission for compensation. In the application it, among other things, is alleged that W. D. Speakman, an employee of the Brigham Young University, on July 17, 1928, "was injured by reason of an accident aris-

ing out of or in the course of his employment and as the result of such injury died August 14, 1928," leaving the applicants as his dependents surviving him. The Hartford Accident & Indemnity Company was the insurance carrier. Both the university and the insurance carrier were made defendants in the proceeding. Compensation was claimed against both. Both answered the application, denying all of the material allegations therein contained, and especially denied that the deceased was injured by reason of an accident arising out of or in the course of his employment, and that he died as the result of an injury, and alleged that his death was caused by a disease wholly independent of, and unconnected with, an injury. The defendants further alleged that no notice was given the employer of the time or place wherein the accident or injury occurred, or the nature of the same, within 48 hours after the alleged happening of the accident and injury, and that the deceased failed to report for medical treatment within such time, and hence, in the event an award for compensation be made, it was averred that the amount thereof be reduced 15 per cent as by the statute in such case made and provided.

Upon these issues the matter came on for hearing before the commission; the applicants being represented by counsel throughout all of the proceedings, and the defendants by counsel. Evidence was given on behalf of the applicants and upon behalf of the defendants. The commission is composed of three members. Upon submission of the case two members made findings that on July 17, 1928, the deceased "was employed by the Brigham Young University in the capacity of a carpenter and was working at said time for said university on what is known as the President's home in one of the bed rooms of said home hanging a door, and while so employed the decedent bumped the side of his nose on said door causing an injury which developed infection from which he died August 14, 1928". The extent or character of the "bump," or whether slight or otherwise, is not found. It also was found that at the time of the injury and

death the deceased was paid a wage of $42 a week, working six days a week; that the applicants were the widow and minor children of the deceased, and were dependent upon him for support and maintenance. The two members of the commission as conclusions thus stated that the deceased was injured by reason of an accident arising out of or in the course of his employment; that his death was caused as a result thereof; that the dependents were entitled to compensation at the rate of $16 per week for 308 weeks, to be paid by the defendants or either of them in a lump sum; and that the defendants also were required to pay burial expenses amounting to $150 and hospital expenses. An award was made accordingly. One member of the commission dissented on the ground that in his opinion there was no substantial or competent evidence adduced to show an accidental injury.

A petition for a rehearing was filed by the defendants before the commission on grounds, among others, that there was no sufficient competent evidence adduced to show that the deceased struck or bumped his nose while hanging a door, or that he otherwise sustained any injury, or that an infection developed from such a cause, or that the death of the deceased was induced by, or attributable to, such or any injury; and that in all events the defendants were entitled to have the amount of the award reduced 15 per cent, because upon the undisputed evidence no notice was given or report made for medical treatment within 48 hours after the happening of the alleged accident or injury. The petition for a rehearing was denied. Thereupon the defendants, in due time and in accordance with section 3148, Comp. Laws Utah 1917, as amended by section 3148, c. 67, Laws Utah 1921, filed a petition in this court for a writ of review on all of the grounds alleged in their petition for a rehearing, and especially on the ground that the findings of the commission that the deceased had sustained an injury, and that his death resulted therefrom or was caused by an injury, were not supported by any or sufficient com-

petent evidence. The defendants thus prayed that the findings of the commission be vacated and the order granting an award be annulled; and further averred that in all events they were entitled to have the amount of the award reduced 15 per cent, for the reasons averred in their answer and stated in their petition for a rehearing. The writ was granted, and, in obedience thereto, the commission, on the last day of January, 1929, certified and transmitted to this court a certified copy of the record and of all of the proceedings had before it, including a transcript of all of the evidence in the cause.

The defendants, the plaintiffs in this proceeding, several days before the record was transmitted to this court, served and filed their brief in support of their contentions as in their petition set forth. On May 1, 1929, the case was set for hearing in this court to be heard on May 21st and all of the parties concerned notified. When the case came on for hearing, no briefs were on file either on behalf of the applicants or on behalf of the commission. However, on that day a written stipulation in the cause was filed in this court, which was entered into by and between the university and the insurance carrier on the one side, and Geneva Speakman, the widow, on her own behalf, and also as guardian of the persons and estates of the minors, on the other side, which stipulation is to the effect that the appeal taken, or application for a review filed in this court by the university and its insurance carrier, "be deemed confessed" by the applicants, "and that this Honorable Court may enter forthwith an order setting aside and annulling in its entirety the award of the Industrial Commission of Utah made and entered in favor of the said Geneva Speakman and the said minors on December 11, 1928," and that such stipulation was made and filed pursuant to a compromise agreement entered into by and between the university and its insurance carrier on the one side and the applicants on the other, a copy of which agreement was attached to the stipulation and made a part thereof. The agreement, among other

things, recites the proceedings had before the commission and the award made by it, a writ of review granted by this court on the petition of the defendants for an annulment of the award; that the parties, on May 2, 1929, had agreed that the award made by the commission be set aside, and in lieu thereof the insurance carrier was to pay to the applicants the sum of $3,325, $150 towards burial expenses, $108 for medical and surgical services rendered the deceased, and $11.50 hospital expenses, or a total of $3,594.50, $500 of the $3,325 to be paid to the applicants upon the entry of an order by this court annulling the award made by the commission, the balance to be paid to a named bank, and by it to be paid to the applicants one year after the death of the deceased, or on August 14, 1929.

The reasons for entering into the agreement and stipulation as therein recited are that the evidence and circumstances relating to the alleged injury of the deceased, his subsequent illness and cause of death, are such as to make the case a "border line one," and that serious doubt was entertained by the applicants and by their counsel as to whether the award made by the commission could or would be sustained, and that the applicants and their counsel were of the opinion that it would be to the best interest and advantage of the applicants to accept the compromise settlement entered into. Further recitations are contained in the agreement that the applicants had fully discussed the matter with their counsel and with others, and were advised by them that, owing to the character of the evidence and condition of the record, it would be ill advised to reject the compromise and settlement and to further proceed with the cause and hazard an annulment of the award, thereby precluding the applicants from recovering anything. The agreement is signed, not only by the applicants, but by their counsel as well. Attached to the stipulation and agreement are also copies of a verified petition filed by Geneva Speakman in the district court for her appointment as guardian of the persons and estates of the minors and an order of the court appointing her as such guardian; and also copies of a

petition and order of the district court in such guardianship proceeding authorizing and directing the guardian to accept the settlement for and on behalf of the minors and as being to their best interest to do so.

On the day of the hearing, counsel for the applicants and for the university and its insurance carrier moved this court to annul the award made by the commission and to set it aside in accordance with the stipulation and the agreement entered into. The Attorney General, appearing on behalf of the commission, objected to the motion on the ground that the settlement was made without the knowledge or consent of the commission; that the parties were without authority or power to make any kind of a compromise or settlement with respect to the controversy, either with or without the consent of the commission; that the commission itself was without power to entertain, authorize, or make any kind of a settlement or compromise short of full compensation as in such case made and provided by the statute; that the commission was authorized only to deny an award in toto, or to allow one giving the applicants full compensation as fixed by the statute, $16 a week for 308 weeks, an allowance for burial expenses not exceeding $150, and a reasonable sum for medical and hospital expenses; and that any agreement entered into by and between the parties as to the amount of compensation to be paid, no matter how fairly entered into, if the amount agreed upon is less than the amount which under the statute may be awarded by the commission, was ineffectual for any and all purposes, and was void. Leave was granted the Attorney General to file a brief on the subject. He later filed one. The applicants and the university and its insurance carrier filed a reply thereto wherein all of such parties again urged that the award made by the commission be set aside, and that the parties be permitted to settle their own controversy in accordance with the stipulation and agreement made and filed by them. The university and insurance carrier by their original brief referred to the record, and pointed out, as claimed by them, a want

of evidence to show that the deceased bumped or struck his nose on the door, or otherwise was injured, except by statements made by him to his wife after he had returned home from work on the evening of the day when it was claimed the injury occurred and statements made by him several days thereafter to the doctor and to others, which statements, it is contended, were hearsay and incompetent, and in law insufficient to support a finding of an accidental injury in the course of employment. They further pointed out, as they claimed, a want of evidence to show that the death resulted from an injury, or from an infection caused or induced by an injury, and that upon the evidence adduced it was shown that the cause of death was cerebral meningitis, in no manner, as is claimed, caused or induced by an injury, but from causes wholly unconnected therewith.

The Attorney General in no particular has undertaken to point to any evidence to support the findings of the commission, nor has he discussed any such question or subject. His presentation of the matter is devoted entirely to a discussion that the settlement made by the parties is ineffectual and void, and hence the settlement and stipulation and the will and wish of the parties must be wholly disregarded by us.

We thus consider the contention made by the Attorney General. If that is held against him, it is unnecessary to review the record on merits. In support of his contention that under our Workmen's Compensation Act no settlement made by and between the employer and employee, or in case of his death with his dependents, is effectual for any purpose, and especially not after an award has been made by the commission, and that the commission has the right to appear in the cause before us and urge that the settlement be disregarded, no matter how fairly it may have been entered into, the Attorney General chiefly cites and relies on the following cases: *Workmen's Compensation Board* v. *Abbott*, 212 Ky. 123, 278 S. W. 533, 47 A. L. R. 789 and notes; *Industrial Commission* v. *London G. & A. Co.*, 66 Colo. 575, 185 P. 344; *United States F. & G. Co.* v. *State Industrial*

*Commission,* 115 Okl. 273, 244 P. 432; Id., 125 Okl. 131, 256 P. 892; *Deibeikis* v. *Link-Belt Co.,* 261 Ill. 454, 104 N. E. 211, Ann. Cas. 1915A, 241.

The Abbott Case more than any other cited case supports the contention of the Attorney General, providing it be found that the provisions of the Kentucky statute relating to the subject are similar to the provisions of our statute. The Abbott Case proceeds on the theory that the basis of workmen's compensation laws rests upon the police power of the state, and largely upon an element of public interest in accidents occurring from industrial conditions, and that the economic loss caused by such accidents should not necessarily fall upon the public, but upon the industry in which the accident occurs; that in administering such policy' the state itself, as represented by the commission, is interested; that it is competent for the Legislature to declare that an employer and employee be not permitted to enter into an agreed settlement of claims arising under the act, except upon certain imposed conditions, or to commute an award made by the commission after due submission to it, except upon other imposed conditions; that any agreement violative of the provisions of the act in such respect is void and unenforceable; that an act which either by express terms or by necessary implication prohibits such settlements and denies the freedom of parties, though sui juris, to contract with respect thereto, does not transgress provisions of either the state or the Federal Constitution; and that it was competent for the Legislature to declare that on an appeal from, or on a review of, an order made by the Industrial Commission, or from an order refusing an award, the commission may be made a party, and is entitled to be heard on such appeal or review. Under the Kentucky statute, a right of appeal is given to the district court from an order granting or refusing an award by the board or commission. In the Abbott Case the employer appealed from an award made by the board. Pending the appeal, the employer and the employee settled their controversy and agreed upon an amount

to be paid by the employer. The district court, in accordance with such agreement and stipulation, entered a judgment for such amount which was less than that awarded by the board. From that judgment, the board appealed. The appeal was opposed by both the employer and employee. The judgment on appeal was reversed, the Court of Appeals holding that under the Workmen's Compensation Act of that state the settlement was void and unenforceable.

Were we persuaded that our act on the subject was in effect the same as that of Kentucky, we should be inclined to follow the reasoning and conclusion reached in the Abbott Case. But we are not so persuaded. We have no difficulty in holding that the commission had the legal right to appear in the cause, and was entitled to be heard therein. Section 3148, Comp. Laws Utah 1917, as amended by chapter 67, Laws Utah 1921, provides that "the commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceeding." The right to appear also gives the right to be heard. But we are of the opinion that the Kentucky statute and our statute in other particulars on the subject are dissimilar. The Kentucky statute provides:

"No contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act, except as herein provided." Ky. St. § 4889.

Our statute, section 3151, Comp. Laws Utah 1917, provides:

"No agreement by an employee to waive his rights to compensation under this title shall be valid. No agreement by an employee to pay any portion of the premium paid by his employer shall be valid, and any employer who deducts any portion of such premium from the wages or salary of any employee entitled to the benefits of this title shall be guilty of a misdemeanor," etc.

We think the Kentucky statute is broader and more comprehensive than is our statute. In such particular we perceive a substantial distinction. Our statute in such re-

spect is similar to the Texas statute which, in the case of
*Jenkins* v. *Texas Employers' Insurance Co.* (Tex. Civ. App.)
211 S. W. 349, was held to apply only to agreements made
prior to the injury, and did not apply or affect the right to
compromise or settle a present existing compensation claim.
That the Texas statute is different from the Kentucky stat-
ute was recognized by the Kentucky court in the Abbott
Case, and upon that ground it distinguished the two cases.

The Colorado, California, and Illinois statutes provide
that a settlement of a claim once allowed by the commission,
and not filed with and approved by it, or settlements made
without them with and approved by the commission, are
invalid. *Massachusetts Bonding Co.* v. *Industrial Comm.*,
176 Cal. 488, 168 P. 1050; *Industrial Comm.* v. *London G.
& A. Co.*, 66 Colo. 575, 185 P. 344; *International Coal &
Mining Co.* v. *Industrial Comm.*, 293 Ill. 524, 127 N. E. 703,
10 A. L. R. 1010. By such statutes the right of the employer
and employee to make a settlement was restricted and for-
bidden, unless the settlement was filed with and approved
by the commission. We have no such statute or any such
restriction placed upon the right of the parties to make
settlements, unless section 3151 of our statute expressly or
by necessary implication so declares. Let it be assumed that
it is competent for the Legislature to restrict the right of
the employer and employee to make settlements or impose
conditions upon which they may be made, yet in our opinion
the Legislature has not, either by express language or by
necessary implication, done so. Such a conclusion is not
reasonably deducible from the language employed in section
3151. Unless the Legislature under a proper exercise of its
police powers by express language or by necessary implica-
tion has restricted or forbidden the exercise of such a right,
the parties had the undoubted right to make a settlement,
if fairly entered into, and free from fraud, deceit, misrepre-
sentation, or mistake, and where there was no overreaching
or advantage taken. No claim is made by the Attorney Gen-
eral that the settlement was not fairly entered into, or that

any advantage was taken by the employer or by its insurance carrier, or that, in view of the facts and circumstances of the case as disclosed by the record, the settlement was ill advised. Nor is it even contended that a review of the record ought or would result in an affirmance of the award made by the commission. The objection to recognizing the settlement for any purpose was put upon the sole ground that under the act it was not competent for the parties to settle their controversy, with or without the consent or approval of the commission, and that its power or discretion was only to either refuse an award or make one for the full amount provided by the statute, here $16 a week for 308 weeks, or not to exceed $5,000, plus burial, hospital, and medical expenses; and that the only power or discretion possessed by us is a review of the record certified up to us and to affirm the award, or annul it, if found it is not sustained by sufficient competent evidence.

The section of the act referred to does not, in our judgment, support the view that the right of the employer and employee to settle a claim arising under the act after it has arisen is circumscribed or prohibited. The language "no agreement by an employee to waive his rights to compensation under this title shall be valid" does not expressly or by necessary implication declare such a prohibition. The word "waive" means to abandon, to throw away, to renounce, to repudiate, or to surrender, a claim, privilege, or right (Black's Law Dictionary, Standard Dictionary) ; to intentionally or voluntarily relinquish a known right (Words and Phrases, Third Series, Waiver). The provisions of our Workmen's Compensation Act make it an exclusive remedy for an employee or his dependents to recover compensation from an employer for an injury sustained by the employee in the course of his employment. Whatever claim the dependents here had for compensation of necessity must be based on the act. Such claim, by making a settlement of it, was in no sense abandoned, renounced, surrendered, or relinquished. To the contrary, the settlement was directly

based upon a claim created by the act. It is a contradiction of terms to say that, when a present and existing claim is settled, the claim itself is abandoned, surrendered, or relinquished—is waived. By making such a settlement, it in no sense may be said that the "rights to compensation under the" act were surrendered or waived. To the contrary, such rights were thereby asserted, affirmed, and recognized, not waived.

Cases are bound to arise where questions respecting accidental injury arising out of or in the course of employment, the extent of such injury, in case of death of the employee, whether the death was caused or induced by the injury, or whether it was attributable to other causes, may well be close, and concerning which reasonable minds may well differ and where the right of the applicant to recover is doubtful. The parties regarded this such a case. The commission itself divided as to the right of the applicants to recover. We have examined the record, not for the purpose of determining whether the award should be affirmed or annulled, but to ascertain whether the claim of the parties is well founded, and whether on the record the right of recovery is uncertain, and for the purpose of ascertaining the bona fides of the parties, and whether there were good grounds justifying a settlement. We find such to be the case. Indeed, on the record it may well be said that the right to recover is quite doubtful. The making of a settlement under such circumstances is not detrimental to the interest of the state or of the public. It rather subserves such interest. The right of parties sui juris to settle their own controversy and avoid litigation is a valuable and absolute right, and may be exercised by them under all circumstances, unless the state, under a proper exercise of police power, has circumscribed, restricted, or prohibited it. Holding as we do that no such inhibition or restriction either expressly or by necessary implication is manifested by the act, we think the parties had the undoubted right to make the settlement which was made by them.

The award thus made by the commission is, in accordance with the stipulation, set aside, the parties on a return of the record directed to file their stipulation and agreement with the commission, and the commission directed to enter an award in accordance with the stipulation and agreement. No costs. Such is the order.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.