## BARBER ASPHALT CORPORATION v. INDUSTRIAL COMMISSION et al.

No. 6453.   Decided March 18, 1943.   (135 P. 2d 266.)

*Edward F. Richards,* of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., *Zar E. Hayes,* Deputy Atty. Gen., and *R. R. Hackett,* of Ogden, for defendants.

HOYT, District Judge.

Certiorari to review award of additional compensation to Leonard Cook under Workmen's Compensation Act, after payment made under agreement of final settlement previously approved by the Industrial Commission.

Leonard Cook was injured during the course of his employment for plaintiff, Barber Asphalt Corporation. Medical examination resulted in an opinion by the medical advisory committee for the Commission that Cook's condition showed permanent partial disability of about five per cent. Cook being dissatisfied with the rating applied for hearing. Before the hearing was had, Cook entered into an agreement of settlement with the employer and the insurance carrier, plaintiffs herein, which by its terms was for payment upon the basis of fifteen per cent permanent disability as final settlement of all claims growing out of the injury, and was subject to approval by the commission. The agreement was approved by the Commission November 7, 1939 —being approximately eleven months after the date of injury and some five and one half months after the examination by the medical advisory committee. Payment was made in accordance with the agreement. Before the agreement was signed Cook had had the benefit of advice from his own physician and attorney.

Thereafter on November 22, 1940, a claim for additional compensation was filed and was set for hearing January 7, 1941. In this claim it was alleged that the applicant was totally disabled. The plaintiffs herein filed an answer and set up the agreement of final settlement and its approval by the Commission. It was stipulated between the parties that a further examination should be made by the medical advisory committee, but that this should not be considered a waiver of the right of the employer and insurer to set up the final settlement in bar of the employee's claim. The examination was made and certified to the Commission. It indicated total disability with the opinion expressed that surgical treatment would probably remove the cause.

The matter was submitted upon this medical opinion, without further evidence, and without waiver of plaintiffs' right to plead the former settlement in bar. The Commission held that under the provisions of § 42-1-72, R. S. U. 1933, an agreement of final settlement, though approved at the time by the Commission, could not operate to divest it of continuing jurisdiction nor prevent an award of additional compensation if the injury proved more serious than was contemplated at the time of the approval of the settlement. It was also found that the applicant was totally disabled and was entitled to additional compensation and to a proffer of surgical treatment. An order was made accordingly.

There was competent evidence to sustain the finding of total disability and the order should stand unless the claim is barred by the former agreement of settlement.

The court heretofore (1929) held in the case of *Brigham Young University* v. *Industrial Commission*, 74 Utah 349, 279 P. 889, 65 A. L. R. 152, that the terms of the Workmen's Compensation Act did not prevent an employer and the dependents of a deceased employee from entering into a settlement agreement for compensation which would be binding and operate to bar a claim for payment of a larger amount theretofore awarded by the Commission. The settlement agreement in that case had been entered into after the award was made and pending proceedings for review before this court. The petition for review by the employer and insurer alleged that there was no competent evidence to sustain the findings of the Commission. Before hearing was had on the petition for review, the employer and insurer made an agreement of final settlement with the dependents of the employee, and all these parties moved the court to set aside the award. The attorney general, representing the Commission, objected to the motion upon the ground that the settlement agreement was ineffectual and void. The court in its opinion in that case reviewed the decisions of various courts upon the question and held that

the provisions of the Utah compensation act did not prohibit the making of a binding agreement which would bar a further claim.

The Commission, in its decision of the case now before this court took cognizance of the case above referred to, but held that under the provisions of § 42-1-72, the Legislature had given the Commission continuing jurisdiction of which it cannot be divested by agreement of the parties nor by act of the Commission itself in approving an agreement purporting to be a final settlement and release.

Sections of the Workmen's Compensation act which may be considered material for determination of the case are as follows:

42-1-43: "Every employee mentioned in section 42-1-41 who is injured, and the dependents of every such employee who is killed, by accident arising out of or in the course of his employment * * * *shall be entitled to receive, and shall be paid,* such compensation for loss sustained on account of such injury or death, and such amount for medical, nurse and hospital services and medicines, and, in case of death, such amount of funeral expenses, as is herein provided." (Italics added.)

42-1-72: "The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified."

42-1-50: "Subject to the approval of the commission, any employer may enter into or continue any agreement with his employees to provide a system of compensation or other benefits in lieu of the compensation and other benefits provided by this title. No such substitute system shall be approved unless it confers benefits upon injured employees and their dependents at least equivalent to the compensation provided by this title, nor if it requires contributions from the employees, unless it confers benefits in addition to those provided under this title at least commensurate with such contributions."

42-1-84: "No agreement by an employee to waive his rights to compensation under this title shall be valid."

These statutes were in effect at the time of the decision in the Brigham Young University case, supra. In that case, as hereinabove stated, the compromise settlement which was held to be a bar was in connection with a claim by de-

pendents of an employee on account of his death. The court, in deciding as to whether the settlement agreement was binding upon the parties and the Commission, examined the evidence in support of the award which had been made and stated that it found the right of the applicant to recover was "quite doubtful," and that there were good grounds to justify the claimants in entering into a compromise settlement. The court then said [74 Utah 349, 279 P. 893, 65 A. L. R. 152]:

"The making of a settlement under such circumstances is not detrimental to the interest of the state or of the public. It rather subserves such interest. The right of parties sui juris to settle their own controversy and avoid litigation is a valuable and absolute right, and may be exercised by them under all circumstances, unless the state, under a proper exercise of police power, has circumscribed, restricted, or prohibited it. Holding as we do that no such inhibition or restriction either expressly or by necessary implication is manifested by the act, we think the parties had the undoubted right to make the settlement which was made by them."

Do the facts in this case justify us in making a distinction between it and the Brigham Young University case? In that case the evidence to connect the cause of death with the employment was subject to grave question as to its competency and left the right to any compensation very doubtful. If the review had been carried to judgment the dependents might have received nothing. Under the compromise agreement they received $3,594.50. The claimants did not wish to take the risk of an unfavorable finding upon the facts and therefore stipulated with the employer for settlement and dismissal of the case while it was pending for review before this court. In this case there is no question as to the injury occurring during the course of the employment. There was competent and sufficient evidence to connect the present disability with that injury. The claim was originally for partial disability. It was rated by the commission's medical advisory committee as five per cent permanent disability. Settlement was made as for fifteen per cent permanent disability. The settle-

ment was approved. It seems to be conceded that it was intended at the time by the parties and the commission to be a final settlement of all claims arising out of the accident. Now it appears that the applicant will be totally and permanently disabled, unless surgical treatment accomplishes a cure.

May we say that the statute contemplates permitting a final and conclusive settlement of a claim where there is no chance for a change of condition—as where death of the employee has occurred—but does not permit of a final disposition by compromise in an injury case where later developments may show a change of condition of the injured employee, or where the seriousness of the injury was not discovered at the time of the agreement? The Brigham Young University case answered the first part of this interrogatory in the affirmative. It should be noted however that the section which makes void agreements to waive rights under the compensation act does not mention agreements by dependents of an employee. It is:

"No agreement by an employe to waive his rights to compensation under this title shall be valid."

We think a reasonable view of the provisions of the Utah act and due consideration of the objects and purposes of such acts in general and the history which prompted their enactment, requires us to say that the Legislature intended to prevent an agreement such as ██ shown in this case from becoming a bar to a claim for additional compensation for an increase in disability. The purposes sought to be accomplished by the act are discussed in *Park Utah Consol. Mines Co. et al.* v. *Industrial Comm. et al.*, 84 Utah 481, 36 P. 2d 979, 981. Numerous citations are there given of decisions of this court and other courts to the general effect that workmen's compensation acts are intended: "to substitute a more humanitarian and economical system of compensation for injured workmen or their dependents in case of death which the more humane

and moral conception of our time requires," and that such acts are "intended to afford injured industrial workmen or their dependents simple, adequate, and speedy means of securing compensation, to the end that the 'cost of human wreckage may be taxed against the industry which employs it' and that society be relieved of the support of unfortunate victims of industrial accidents." It is further stated that "If there is any doubt 'respecting the right to compensation, such doubt should be resolved in favor of the employee or of his dependents as the case may be,' " citing *Chandler* v. *Industrial Comm.*, 55 Utah 213, 184 P. 1020, 8 A. L. R. 930.

In this State we have a general statute, Rev. St. ■ 1933, 88-2-2, requiring that:

"The statutes * * * and their provisions and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and to promote justice."

With relation to the compensation act it was early held that

"The Industrial Act, including the procedure therein provided, must be liberally construed, and with the purpose of effectuating its beneficent and humane objects." *North Beck Mining Co.* v. *Industrial Comm.*, 58 Utah 486, 200 P. 111, 112.

If we are guided by these rules in construing the sections of our compensation act hereinbefore quoted, can we say that the agreement for settlement on the basis of payment as for fifteen per cent partial disability is a bar to the claim of an employee whose injury has now resulted in total disability that will last throughout his lifetime unless a cure is effected by surgical treatment?

Rev. St. 1933, 42-1-43, 42-1-84, 42-1-72, says:

"Every employee * * * who is injured * * * by accident arising out of or in the course of his employment * * * shall be entitled to receive, and shall be paid, such compensation [as is herein set out]; * * * No agreement by an employee to waive his rights to compensation under the act shall be valid; * * * The powers * * * of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified."

This court has frequently held that a case may be reopened by the commission if there has been a change of condition of the injured workman or if there has been some new development which shows the former award to be either inadequate or excessive if an injured part fails to heal as had been expected at the time the award was made, such fact is a "new development" so as to give the commission jurisdiction to entertain an application for additional compensation. *Continental Casualty Co.* v. *Industrial Comm.*, 70 Utah 354, 260 P. 279; *Johnson* v. *Industrial Comm.*, 93 Utah 493, 497, 73 P. 2d 1308; *Spring Canyon Coal Co.* v. *Industrial Comm.*, 60 Utah 553, 210 P. 611; *Aetna Life Ins. Co.* v. *Industrial Comm.*, 73 Utah 366, 274 P. 139; *Standard Coal Co.* v. *Industrial Comm.*, 91 Utah 549, 65 P. 2d 640.

It was said in the Brigham Young University case supra, that the agreement for final settlement therein involved could not be considered a waiver of rights to compensation and that the section of the act invalidating waivers therefore did not apply. We think that cannot be said of the agreement in this case. The workman, as shown by the present evidence, is entitled to compensation as for total permanent disability or surgical treatment as required by the order appealed from. At the time the agreement was entered into he had the right to claim such compensation in case the developments which have now taken place should occur. The effect of the agreement is to release the company from that liability. It was in effect a waiver to claim a right which the law gave him. The facts establishing liability for results flowing from the injury in this case were not in dispute. It was not a compromise agreement as to facts to establish liability. It was an agreement to accept payment for partial disability under a law which gave the workman the right to compensation for total disability if it should afterward result from the injury. The Supreme Court of Illinois, in construing a similar agreement under a statute which contained a provision against waiver said:

"It cannot be said, as a matter of law, or fact, that in this settlement Nicholas did not waive any of his rights under the Compensation Act. * * * This release, if valid, includes a release of any right which the claimant had under the Compensation Act for a review within 18 months in case of a recurrence of injuries. We are of the opinion that by the agreement, if valid, Nicholas would waive substantial rights accruing to him under the act, amounting to a waiver of provisions of the act in regard to amount of compensation, which such employe has no power to do." *International Coal & Mining Co.* v. *Nicholas et al.*, 293 Ill. 524, 127 N. E. 703, 705, 10 A. L. R. 1010.

In that case an award had been made by an arbitrator appointed by the commission, the compensation to be payable in installments over a period of 100 weeks. The settlement agreement provided for payment of a lessor amount in a lump sum. The statute required approval of such settlements by the commission. Approval had not been obtained, but at the time of the agreement the action of the arbitrator was pending on review on application of the employer.

In this state we have a statute providing for commutation of periodical benefits under the act:

"The commission, under special circumstances and when the same is deemed advisable, may commute periodical benefits to one or more lump-sum payments." § 42-1-73, R. S. U. 1933.

That provision does not purport to authorize the commission to approve a lump-sum settlement so as to bar a claim for additional compensation for a disability growing out of the injury which was not known or existing at the time of the payment. It connotes a lump-sum payment in lieu of installment payments then awarded or owing under the statute for a disability then known.

· Counsel for plaintiffs calls attention to the fact that the commission is authorized by the act to make agreements for settlement of claims against the State Insurance Fund which is administered by the commission, and is expressly authorized to compromise claims of doubtful validity against said fund. Counsel argues that the com-

mission is therefore authorized to approve settlement agreements where the State Insurance Fund is not involved. In answer to this it is to be noted that the clause relating to approval of agreements relating to claims against the State Fund provides that:

"The commission may also make agreements for the settlement of claims against said fund for compensation for injuries *in accordance with the provisions of this title;* it may also compromise claims of doubtful validity." (Italics added.) Rev. St. 1933, 42-2-5, as amended by Laws 1939, c. 51.

We think these provisions do not authorize the commission to bargain with an injured employee and procure the execution of an agreement for settlement on the basis of a partial disability so as to bar a claim for additional compensation in case the injury thereafter results in a disability greater than was contemplated by the parties at the time. Where the facts to establish liability are in dispute and there is reasonable doubt as to the existence of any liability, the commission is authorized to enter into an agreement of compromise settlement. So too, as in the Brigham Young University case, supra, an employer or private insurance carrier may enter into a compromise settlement with the dependents of a deceased workman, where there can be no change in the maximum amount of liability under the act. We hold however, that where it is admitted that the injury arose out of or in the course of the employment, a release or settlement agreement as for a partial disability does not constitute a bar to a claim for compensation which, under the terms of the act would be payable on account of a subsequent change of condition or a new development not contemplated at the time of the release or settlement agreement.

It has been held that a court or commission has no power to entertain proceedings for approval of an agreement as to workmen's compensation except such as is conferred by statute. *Boyko* v. *Federated Metals Corp.,* 164 A. 462, 11 N. J. Misc. 82, affirmed 168 A. 672, 11 N. J. Misc. 807; *Earl W. Baker & Co.* v. *Denney,* 158

Okl. 266, 13 P. 2d 80, and that an approval of an agreement forbidden by the public policy of the state is voidable if not void. *Boyko* v. *Federated Metals Corp.*, supra.

"In accordance with the rule that to be valid an agreement must conform to the provisions of the act, the court or commission may approve an agreement only when its terms conform to the provisions of the act, and approval of an agreement which does not conform is void; so, an approval of an agreement which fixes compensation at an amount less than that allowed by the act is invalid." 71 C. J. 939, citing *London Guarantee & Accident Co., Ltd.,* v. *Sterling*, 233 Mass. 485, 124 N. E. 286; *Hassen* v. *Elm Coal Co.*, 184 App. Div. 715, 172 N. Y. S. 430; *Comingore* v. *Shenandoah, etc., Co.*, 208 Iowa 430, 226 N. W. 124; *Kareske's Case*, 250 Mass. 220, 145 N. E. 301; *Richards* v. *Rogers Boiler, etc., Co.*, 252 Mich. 52, 234 N. W. 428;. *Oklahoma Pipe Line Co.* v. *Harvey*, 164 Okl. 27, 22 P. 2d 375.

In *Empey* v. *Industrial Commission of Utah*, 91 Utah 234, 63 P. 2d 630, 637, 108 A. L. R. 801, claimants sought to recover under an insurance policy issued by the State Industrial Commission, which contained a clause purporting to exclude liability for injuries incurred through the shooting of wells. The accident involved occurred through the shooting of a well. The court held that the industrial commission could not restrict its liability by such a clause when the act required payment of compensation for such an injury. The court said:

"That an employer subject to the act may not by contract or otherwise escape liability to pay compensation to an injured employee, or in case of death to his dependents, is not open to serious doubt. An employer may, with the approval of the commission, provide compensation or benefits other than those fixed by the act when and only when such other benefits are at least equivalent to those fixed by the act. R. S. Utah 1933, 42-1-50. This and other provisions of the act clearly indicate a legislative purpose to make it certain that injured employees, or in case of death, their dependents, will secure the benefits of the act."

It is generally held that a release executed by an injured employee covered by workmen's compensation insurance does not operate as a bar against a claim by his dependents.

in case of his death from the injury to which the release related. See annotation in 101 A. L. R. 1410 in which it is said:

> "It has been held, in all but one of the jurisdictions in which the point has been raised, that the claim of a dependent is so far independent of the injured employee's right to compensation, that a release executed by the latter does not bar the dependent's claim for compensation for the employee's subsequent death from the injury."

It is also well established that a provision in a workmen's compensation act invalidating agreements by employees to waive rights under the act is not unconstitutional. See annotation in 47 A. L. R. 799.

In *Ruehmann* v. *Consumers' Ice & Fuel Co.*, 192 Minn. 596, 257 N. W. 501, 96 A. L. R. 1015, an agreement had been made by an employee with his employer that the employer would continue to pay the employee the weekly wage he had been receiving prior to the injury and the employee would do what work he was able to do and would pay to the employer the amount he received as compensation under the workmen's compensation act. Under this agreement the employee paid the amounts he received each week for a number of weeks to the employer, but then discontinued and sued the employer to recover the amount he had paid less the amount which he had received from the employer. The court held that he was entitled to receive the full amount payable to him under the compensation act and that insofar as the agreement operated to give the employee less than the full compensation to which he was entitled under the act it was void. It was also held that the employee was entitled to retain the amount which his employer had paid him as wages during the period of disability, up to but not exceeding the reasonable value of the services rendered by him in his partially disabled condition. The statute in that case Mason's Minn. St. 1927, § 4269, read:

> "No agreement by any employe or dependent to take as compensation an amount less than that prescribed by law shall be valid."

In *Doby* v. *Miami Trust Co. and Industrial Commission*, 39 Ariz. 228, 5 P. 2d 187, an injured employee covered by insurance in the state insurance fund applied to the commission for compensation which claim was denied after an informal investigation and without a hearing. The claimant filed an application for rehearing and during pendency of proceedings for formal hearing and adjudication a compromise agreement was entered into and executed by the workman and his counsel on the one part with the employer and the industrial commission (which administered the state insurance fund) on the other part by which a given sum was to be paid in full compromise settlement of any and all claims growing out of the accident. Thereafter the workman filed application for further compensation, alleging that his condition had grown progressively worse. The commission denied the application for further hearing and the claimant appealed to the court. The court held that the compromise agreement was not binding, citing the Arizona statute, Rev. Code 1928, § 1457, which read:

"An agreement by an employee to waive his rights to compensation, except as herein provided, * * * shall be void."

The court also held that the industrial commission had no power to enter into such a compromise agreement * * * holding that it must act judicially in hearing and deciding upon the merits of the claim and could not bargain with the employee for settlement of his claims against the state insurance fund.

In a later Arizona case, *Red Rover Copper Co.* v. *Industrial Comm.*, 58 Ariz. 203, 118 P. 2d 1102, 1107, an injured employee applied for compensation under the act and was granted a hearing. During the proceedings it developed that the employee had signed an agreement upon taking the employment by which he rejected the benefits of the state compensation act; that this was required by the employer who represented that the employee would be covered by other insurance which was better than that provided by the act.

The commission found that the benefits of this insurance were less than the benefits under the act. Before an award was made the employee entered into and executed a release agreement by which he agreed to accept a specified amount in full settlement of all claims growing out of the accident. The commission was not informed of the release and made an award in a larger amount. The employer applied for a rehearing and set up the original agreement to reject the benefits of the act and also the later agreement of settlement and release. The petition for rehearing was denied and the employer appealed to the court. The court held that neither the original agreement to reject the provisions of the compensation statute nor the agreement of settlement was binding on the claimant. As to the release the court said:

"Nor could the release above set forth have any effect on petitioner's rights under the Act, since it was not approved by the commission" citing *Doby* v. *Miami Trust Co.*, supra.

It is to be noted that in the Doby case the court had held that under sections 1457 and 1436 of the Arizona code, the commission had been given authority to approve of compromise settlements. Several states have compensation acts which give such authority to the industrial commission, and some of them provide for special procedure to procure such approval. It is generally held that where the commission is authorized to approve of compromise settlements the settlement is binding when approved, but not before. See *International Coal & Mining Co.* v. *Nicholas et al.,* 293 Ill. 524, 127 N. E. 703, 705, 10 A. L. R. 1010 in which the court said:

"Such a settlement must be petitioned for as provided in section 9 of the act, and must be approved by the Industrial Commission."

See also annotation in 65 A. L. R. 160 appended to report of the case of Brigham Young University v. Industrial Comm. From this annotation it appears that Texas cases, and cases from some other jurisdictions where agreements

for final settlement have been held binding, are based on statutes which expressly or by necessary implication authorize the approval of such agreements by the commission. In Michigan it has been held that an agreement which seeks to fix by contract rather than by fact the period of disability and to fix the same finally and beyond right of further recourse to the department of labor and industry is void. *Harrington* v. *Department of Labor and Industry*, 252 Mich. 87, 233 N. W. 361. See to the same effect *Blair* v. *Laughead*, 108 Pa. Super. 407, 165 A. 58; *Southern S. S. Co.* v. *Sheppeard*, D. C., 34 F. 2d 959; *Forbes* v. *Ottumwa Sand Co.*, 216 Iowa 292, 249 N. W. 399; *Walker* v. *State Compensation Commissioner*, 107 W. Va. 531, 149 S. E. 604.

In the case of *Aetna Life Ins. Co. et al.* v. *Industrial Comm.* (Mileusnic case) 73 Utah 366, 274 P. 139, 140, decided January 7, 1929, in an opinion written by Chief Justice Thurman, this court expressed the opinion that it is open to serious question whether an agreement made with an injured employee, and settlement made pursuant thereto, though approved by the Industrial Commission, would be binding upon the employee unless the compensation agreed upon and paid was all he would be entitled to under the act. It was held however in that case that it was unneces sary to decide the question because the plaintiff insurance company, by acquiescence in a subsequent order of the commission had waived its right to assert that the former settlement constituted a bar. The settlement referred to in the case was not made pursuant to an agreement executed between the employee and employer or insurer but was made pursuant to a letter from the Industrial Commission stating that:

"The Commission feels, after taking into consideration all the circumstances in this case, that you should pay the injured employe thirty weeks compensation, as final settlement in this case."

The author of the opinion, in discussing the preliminary question as to whether the claim was barred by the settle-

ment, cites numerous cases referred to in the briefs of counsel on the question, but does not review or discuss these cases further than to say:

"The authorities cited by both plaintiffs and defendants, to a certain extent, supports their respective contentions, but it appears in most cases that they are founded on statutes which specify the conditions upon which industrial claims may be compromised or settled by the parties so as to become a bar to future proceedings. The conditions imposed are quite formal and must be strictly complied with. They all require the approval of the board charged with the duty of administering the law. The Utah statute does not provide for a settlement by agreement of the parties as do the statutes of the states referred to, and, in view of the evident purpose of the act, it is open to serious question whether an agreement made, and settlement had in pursuance thereof, even with the consent of the commission, would be binding upon an applicant for compensation unless the compensation agreed upon and paid was all he would be entitled to under the terms of the Industrial Act. The commission is an administrative body merely. Its duty is to administer the law applicable to the case and award such compensation as the law authorizes. However, it is not necessary to decide this question in the instant case. * * * Before leaving this question, it may be stated that, while our statute makes no provision for settling claims by agreement it does expressly provide, * * * 'No agreement by an employee to waive his rights to compensation under this title shall be valid.' In United States F. & G. Co. v. State Industrial Comm., 125 Okl. 131, 256 P. 892, a provision of the Oklahoma statute identical with that above quoted was held * * * to render invalid a settlement made after the injury occurred. In Jenkins v. Texas Employers' Ins .Ass'n, Tex. Civ. App., 211 S. W. 349, a provision of the Texas statute identical with that above quoted was held by the Texas Court of Civil Appeals to apply only to agreements made prior to the injury. In both Texas and Oklahoma the statutes elsewhere provide for settlement by agreement of the parties under certain conditions and restrictions. In Utah, as we have no such statute, that fact alone might have some weight in arriving at a proper interpretation of the language above quoted from the Utah statute."

With reference to the Oklahoma case referred to in the foregoing quotation, *United States Fidelity & Guaranty Co. v. State Industrial Comm., supra,* it should be noted that the supreme court of that state had formerly held, in *Bales Bros. Sand Co. v. State Industrial Comm.,* 113 Okl. 88,

239 P. 168, that an agreement of final settlement, duly executed by the parties and approved by the commission, was binding and prevented a further award. In the later case the court held that a receipt acknowledging payment of a given sum "in settlement and satisfaction of all claims for compensation or damages on account of injuries," etc., was not binding, though filed with and approved by the commission. The court then said:

"Having reached this conclusion, we are of the opinion that the case of *Bales Bros. Sand Co. et al.* v. *State Industrial Commission*, * * * reported in 113 Okl. 88, 239 P. 168, should be overruled, and the same is hereby overruled in so far as it is in conflict with the views herein expressed."

It was held that the approval of the final settlement agreement by the commission amounted only to the making of an award, which was subject to being reopened in case of a change of condition.

For the reasons herein given we hold that the award of the Commission in this case should be affirmed. It is so ordered. Costs to defendants.

LARSON, McDONOUGH, and MOFFAT, JJ., concur.

WOLFE, Chief Justice (concurring).

I concur. A settlement beteen the parties approved by the commission is tantamount to an award on the facts as they existed or were known at the time of the settlement and like an award would be subject to change. The very basis of the Compensation Act is to enable persons disabled by injury to live without becoming a charge on the public. Industry supports its casualties. Therefore, not only the parties but the public is interested in having that purpose fully carried out. The act is to be construed to that end.

PRATT, J., on leave of absence.