DI GIORGIA CORPORATION, dba L & M Trailer Manufacturing (Self-Insured), Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah, Defendant.

No. 15042.

Supreme Court of Utah.

Jan. 27, 1978.

Frank J. Allen, Clyde & Pratt, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Salt Lake City, for defendant.

ELLETT, Chief Justice:

Mrs. Williams sustained compensable injury to her back by reason of an accident that occurred while she was working for the plaintiff. On June 6, 1972, she was operated on and certain discs in her back were excised. On May 2, 1973, she made application for permanent partial disability compensation and certified that she was able to return to work. In January her physician had noted pseudarthrosis at the L 4–5 interspace in her spine but considered her able to return to work.

On July 28, 1973, Mrs. Williams appeared before a disability rating board consisting of three orthopedic specialists, which board found her to have sustained a 25% permanent loss of body function. The board further noted the pseudarthrosis at the L 4–5 interspace in her spine and recognized a likelihood that future surgery would be necessary.

On September 14, 1973, the Commission entered its order (the "first order"), based on the rating board findings that plaintiff pay permanent partial disability compensation to Mrs. Williams for 62.4 weeks, accrued amounts payable in a lump sum. The order did not specify the date as to when fixed recovery occurred.

On July 20, 1974, Mrs. Williams filed application for additional compensation. In the application she stated only what was known at the time of the first order—that the "fusion in my back is broken." When she filed application for additional benefits,

Mrs. Williams had already received 39 weeks of the 62 weeks of permanent partial disability compensation which had been awarded to her on September 14, 1973.

On August 9, 1973, plaintiff responded by admitting an obligation to pay benefits for the injury which necessitated back surgery. The plaintiff further transmitted to the Commission a copy of a report from Dr. Andrew Ruoff of the University Medical Center staff in which he expressed an opinion that whether refusion would change the symptom complex or not is "problematic." Plaintiff suggested that the question of need for surgery be submitted to a medical panel.

Thereafter, a medical panel concluded that refusion surgery was indicated, and a refusion was done on May 5, 1975. After Mrs. Williams had fully recovered from the refusion, the panel found her permanent disability to be a 25% loss of bodily function. The panel also found that Mrs. Williams was unable to work because of the pseudarthrosis from the time she became aware of it (April 29, 1973) until the time she stabilized after the refusion surgery (November 17, 1975). The Commission ordered temporary total disability compensation to be paid during that entire period.

■ There is no question about the obligation of an employer to pay for any and all surgical treatments which the Commission finds to be just. However, the employee is not compelled to submit to a recommended surgical procedure if there is a significant risk to health or life, even if the surgery may improve the employee's capacity to do work.[1]

The plaintiff asserts that the final order is a reversal of the original order and that the same facts were known to the Commission at the time of each order. It further contends that it is unjust to permit an injured employee to do as it claims Mrs. Williams did, to wit:

1. Apply for a permanent partial disability rating knowing that further surgical procedure is in prospect.

2. Accept the disability rating and receive the full amount of permanent partial disability compensation in accordance with the rating.

3. Postpone the surgery as long as possible and then seek new findings by the Commission that the full period for which permanent partial disability compensation has been paid was really a period of temporary total disability, despite the previous Commission findings, so that the employer is required to pay compensation for long periods because the employee chose to tolerate the discomfort rather than to correct it.

■ The plaintiff seeks to change the award so that payments to Mrs. Williams made between July 28, 1973, and May 6, 1975, are credited as permanent partial disability compensation rather than temporary total disability compensation. Its position that the Commission had no authority to modify its first award is without merit.

The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified. . . .[2]

This Court has had numerous cases before it involving facts similar to the present case. In all such cases we have upheld the right of the Commission to change or modify prior findings or orders when justified by the record.[3]

The medical panel determined that temporary total disability existed from April 29, 1973, to November 17, 1975. The plaintiff, after receiving the panel report, wrote to the Administrative Law Judge, "We will file no objections to it." Plaintiff decided to abstain from questioning the panel as to

1. 82 Am.Jur.2d, Workmen's Compensation, Sec. 395.

2. U.C.A., 1953, 35–1–78.

3. *Mollerup Van Lines v. Adams*, 16 Utah 2d 235, 398 P.2d 882 (1965); *Barber Asphalt Corp. v. Industrial Commission*, 103 Utah 371, 135 P.2d 266 (1943).

the reasons for the time given to temporary total disability and had been told by the Administrative Law Judge, even before the refusion surgery, that the objections concerning temporary total disability "are not overly persuasive." Mrs. Williams' surgeon stated that "total disability was in process *prior* to surgery."

The evidence contained in the record sustains the award of the Commission. We find no error and, therefore, affirm the award as made. No costs are awarded.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.