Randy G. TAYLOR, Plaintiff,

v.

INDUSTRIAL COMMISSION OF UTAH, Pittsburgh Des Moines Steel and/or Wausau Insurance Companies, Defendants.

No. 20829.

Supreme Court of Utah.

Sept. 16, 1987.

Randy Kester, Provo, for plaintiff.

Michael E. Dyer, Salt Lake City, for defendants.

DURHAM, Justice:

Claimant was injured while at work through the negligence of a party who was not his employer. He received workers' compensation from his employer for temporary total disability and later, by stipulation, for permanent partial disability. Claimant also sued the third party who caused his injuries. Claimant settled his case against the third party and released the third party from all present and future liability. After he signed the release, claimant discovered additional accident-related injuries, for which he sought workers' compensation from his employer. When his employer refused to pay additional benefits, claimant filed a claim with the Industrial Commission. The administrative law judge retroactively approved the settlement with the third party and held that claimant was not entitled to further workers' compensation until the amount paid to him by the third party had been exhausted. The decision of the administrative law judge was affirmed by the Industrial Commission. On appeal, claimant argues that the administrative law judge erred in interpreting Utah Code Ann. § 35-1-62 (Supp. 1987), which, according to claimant, requires prior Commission approval of all third-party settlements and does not require that future medical expenses be deducted from the amount received as a settlement from the third party. We decline to adopt claimant's interpretation.

Section 35-1-62 reads:

When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of a person other than an employer, officer, agent, or employee of said employer, the injured employee, or in case of death his dependents, may claim compensation and the injured employee or his heirs or personal representative may also have an action for damages against such third person. If compensation is claimed and the employer or insurance carrier becomes obligated to pay compensation, the employer or insurance carrier shall become trustee of the cause of action against the third party and may bring and maintain the action either in its own name or in the name of the injured employee, or his heirs or the personal representative of the deceased, *provided the employer or carrier may not settle and release the cause of action without the consent of the commission.* Before proceeding against the third party, the injured employee, or, in case of death, his heirs, shall give written notice of such intention to the carrier or other person obligated for the compensation payments, in order to give such person a reasonable opportunity to enter an appearance in the proceeding.

For the purposes of this section and notwithstanding the provisions of section 35-1-42 [subcontractors and their employees are employees of the general contractor], the injured employee or his heirs or personal representative may also maintain an action for damages against subcontractors, general contractors, independent contractors, property owners or their lessees or assigns, not occupying an employee-employer relationship with the injured or deceased employee at the time of his injury or death.

If any recovery is obtained against such third person it shall be disbursed as follows:

(1) The reasonable expense of the action, including attorneys' fees, shall be paid and charged proportionately against the parties as their interests may appear. Any such fee chargeable to the employer or carrier is to be a credit upon any fee payable by the injured employee or, in the case of death, by the dependents, for any recovery had against the third party.

(2) The person liable for compensation payments shall be reimbursed in full for all payments made less the proportionate share of costs and attorneys' fees provided for in subsection (1).

(3) The balance shall be paid to the injured employee or his heirs in case of

death, to be applied to reduce or satisfy in full any obligation thereafter accruing against the person liable for compensation.

(Emphasis added.)

■ Claimant argues that his settlement with the third party was invalid because it was not approved in advance by the Commission. Claimant misconstrues the statute. Section 35–1–62 allows an employer who is obligated to pay workers' compensation, or its insurer, to bring an action against the third party in its capacity as a trustee of the cause of action and provides that "the employer or [its insurance] carrier may not settle and release the cause of action without the consent of the commission." The statute, however, allows an employee to sue the third party, provided that the employee gives written notice of his intent to sue to his employer or its insurance carrier. *See Shell Oil Co. v. Brinkerhoff-Signal Drilling Co.,* 658 P.2d 1187, 1191 (Utah 1983). The statute clarifies the right to sue by providing that for purposes of third-party actions, subcontractors and certain other categories of persons may be sued as third parties. The statute contains no requirement that an *employee* who settles such a suit obtain Commission approval. The lack of a requirement that the Commission approve employee-initiated settlements is consistent with sound policy. The Commission is required to approve employer-initiated settlements in order to protect the interest of the employee and prevent the employer from entering into a settlement that places the employer's welfare above that of the employee. That concern is not present when it is the employee who settles the suit.

Claimant argues that Commission approval is mandated by Utah Code Ann. § 35–1–90 (1974) and by our decision in *Barber Asphalt Corp. v. Industrial Commission,* 103 Utah 371, 135 P.2d 266 (1943). Section 35–1–90 (1974) provides in part: "No agreement by an employee to waive his rights to compensation under this title shall be valid." We do not see how that language prevents an employee from entering into a settlement with a third party;

rather, the language renders invalid any agreement between the employee and the employer to surrender the employee's right to compensation. In *Brigham Young University v. Industrial Commission,* 74 Utah 349, 279 P. 889 (1929), we narrowly interpreted section 35–1–90 and held that it did not prohibit an employer and employee from reaching a stipulation as to the amount of compensation owed after the Industrial Commission had made an award. We defined "waive" as "to abandon, to throw away, to renounce, to repudiate, or to surrender, a claim, privilege, or right...." 74 Utah at 360, 279 P. at 893. By settling with the third party, claimant in no way renounced or surrendered his right to collect compensation; rather, he agreed to accept a settlement from the third party. He had already accepted workers' compensation from the employer and retained the right to file claims in the future, although by operation of statute the amounts paid would be deducted from the settlement until the settlement was exhausted. *See* Utah Code Ann. § 35–1–62(3) (Supp.1987). Claimant also cites *Barber Asphalt Corp. v. Industrial Commission,* 103 Utah 371, 135 P.2d 266 (1943), which he says mandates Commission approval. In *Barber,* the Industrial Commission approved a compromise between an employer and an employee, but later reopened the case when the employee made further claims. There is nothing in *Barber* that compels us to ignore the plain language and policies of section 35–1–62 and require Commission approval of employee-initiated third-party settlements.

■ Claimant also argues that the Industrial Commission erred in its interpretation of section 35–1–62(3), which provides that the settlement funds are to be used to pay attorney fees and reimburse the employer for payments made, and then "[t]he balance shall be paid to the injured employee or his heirs in case of death, to be applied to reduce or satisfy in full any obligation thereafter accruing against the person liable for compensation." The Industrial Commission interpreted this section as requiring that the balance be applied to both medical expenses and lost

income. Claimant challenges that application, arguing that the phrase "any obligation" is limited only to compensation, does not include medical expenses, and is too broad to allow meaningful interpretation. According to claimant, section 35–1–62(3) provides an offset only for future compensation, not for future medical expenses. *See* Utah Code Ann. § 35–1–45 (Supp.1987) (dividing payments under the statute into three types: compensation, medical expenses, and funeral expenses); *Christensen v. Industrial Commission,* 642 P.2d 755 (Utah 1982) (statute of limitations controlling time period for filing claims for "compensation" did not apply to claims for medical expenses).

We must uphold the Commission's interpretation of the statute if it "fall[s] within the limits of reasonableness or rationality." *Utah Department of Administrative Services v. Public Service Commission,* 658 P.2d 601, 610 (Utah 1983). *See Van Waters & Rogers v. Workman,* 700 P.2d 1096 (Utah 1985) (applying Utah Department of Administrative Services' standard of deference to Industrial Commission decision). The Commission's interpretation is not irrational and is supported by the language and logic of the statute and by Professor Larson's commentary in his treatise, *Workmen's Compensation Law.*

The language of the statute does not, as claimant insists, provide an offset for the amount of "compensation" only; rather, the statute provides an offset for "any obligation" accruing in the future against "the person liable for compensation," i.e., the employer. The policy underlying subrogation rights in workers' compensation cases was well-expressed in *Shields v. Wyeth Laboratories, Inc.,* 95 Idaho 572, 513 P.2d 404 (1973).

It is ... elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and to give the employee the excess. This is fair to everyone concerned; the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone.

513 P.2d at 405–06. *See also Allstate Insurance Co. v. Bliss,* 725 P.2d 1330, 1334 (Utah 1986) (right of reimbursement is to prevent double recovery). That reasoning applies equally to compensation and payment for medical expenses. Further, Professor Larson is of the opinion that even if a statute speaks only of reimbursement for "compensation," the term "compensation" should be interpreted to include medical expenses.

The "compensation" expenditure for which the insurer is entitled to reimbursement includes not only wage benefits but hospital and medical payments as well; this is usually expressly stated, but is the correct result even if the reimbursement provision speaks only of "compensation" paid.

2A A. Larson, *Workmen's Compensation Law* § 74.33 (1987). Claimant argues that the term "any obligation" is inappropriately broad unless read to mean compensation only. A broader interpretation, he suggests, would lead to the conclusion that the employer could use a claimant's third-party offset to satisfy "any obligation," even one to another employee or to the claimant for an injury unrelated to the injury for which the third party made a settlement. We do not believe that either of the results anticipated by claimant would be possible under the statute, which by its context and supporting policies requires an offset only for an obligation to the claimant who has received compensation for the same injury which gave rise to the third-party settlement. The judgment of the administrative law judge is affirmed.

HALL, C.J., I. DANIEL STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ., concur.